The MAY DEPARTMENT STORES COMPANY, Plaintiff–Respondent,

v.

ADWORKS, INC., Defendant–Appellant.

No. 51804.

Missouri Court of Appeals,
Eastern District,
Division One.

Nov. 24, 1987.

Steve Welsch, pro se.

Clyde C. Farris, St. Louis, for plaintiff-respondent.

SATZ, Presiding Judge.

Defendant Adworks, Inc., appeals the dismissal of its "Motion to Set Aside the Consent Judgment" and its "Motion to Quash Garnishment." We reverse and remand.

Both of defendant's motions are based on defendant's claim that plaintiff May Department Stores, the landlord of premises leased by defendant, had fraudulently induced defendant's president, Steve Welsch, to sign a consent judgment for rent and

attorney's fees in the amount of $28,237.48. Specifically, defendant alleged that plaintiff promised to accept monthly installment payments of $800.00 if defendant would waive its defenses and consent to the judgment in a rent and possession action.

According to the record before us, defendant's president, Steve Welsch, did sign a consent judgment for $28,237.48 on January 15, 1986. The document, however, included no stay of execution. Subsequently, on March 24, 1986, plaintiff filed a total of 36 garnishments on defendant's clients and defendant's bank account. Then, on May 5, 1986, defendant filed its motions. On plaintiff's request, the trial court dismissed defendant's motions without opinion and without an evidentiary hearing.

On appeal, defendant contends its fraud claim properly invoked the equitable jurisdiction of the court, properly stated a claim for relief and, therefore, the trial court erred in dismissing its motions without an evidentiary hearing. We agree.

■ Rule 75.01 limits a trial court's jurisdiction to set aside or reopen a judgment to 30 days after the entry of judgment. The Rule, however, does not so limit the trial court's equitable jurisdiction to set aside a judgment procured by fraud. *See In re Marriage of Brown,* 703 S.W.2d 59, 60 (Mo.App.1985).

■ Moreover, defendant's Motion to Set Aside the Consent Judgment, if properly pleaded, is a proper vehicle for involving the trial court's equitable jurisdiction. *Sprung v. Negwer Materials, Inc.,* 727 S.W.2d 883, 888 (Mo. banc 1987). Consequently, the trial court had jurisdiction to treat defendant's motion as "an independent suit in equity, provided the [m]otion sufficiently pleaded grounds for equitable relief." *Id.* at 889.

The nature of the fraud pleaded by defendant is significant. We, in Missouri, no different than many other jurisdictions, have difficulty in defining those circumstances under which the conclusiveness of a judgment can be overcome because of fraud. We do recognize a distinction between "intrinsic" and "extrinsic" fraud and

have stated that "extrinsic" fraud may serve as a basis to set aside a judgment. *See, e.g., Daffin v. Daffin,* 567 S.W.2d 672, 678 (Mo.App.1978). We have also stated "intrinsic" fraud will not provide a basis for such relief, except in three specifically defined circumstances. *Id.* This generally reflects the Restatement and its comments. Restatement (Second) of Judgment. Sec. 70, Comment C. (1982).

■ We choose to follow here the Restatement's clear definitions of "extrinsic" and "intrinsic" fraud. "Extrinsic" fraud means "fraud that induced a party to default or to consent to judgment against him." *Id.* "Intrinsic" fraud means "knowing use of perjured testimony or otherwise fabricated evidence." *Id.* These definitions have been embraced at times and obfuscated at times.

■ We need not concern ourselves here with the obfuscations. As noted, defendant claims its corporate president was fraudulently induced to consent to the judgment of record and, thereby, was induced to waive the corporation's defenses. If properly pleaded, this is a classic claim of "extrinsic fraud." *See J.R. Watkins Co. v. Hubbard,* 343 S.W.2d 189, 192 (Mo.App. 1961).

■ Plaintiff contends defendant failed to plead the fraud with sufficient particularity. More specifically, plaintiff argues defendant failed to plead the materiality of the alleged representation, defendant's ignorance of its falsity and defendant's consequent and proximately caused injury. We disagree.

Although technical forms of pleading are no longer required, Rule 55.15 requires the element of fraud to be pleaded with particularity. *See, e.g., Green Acres Enterprises, Inc. v. Nitsche,* 636 S.W.2d 149, 154 (Mo.App.1982). There is no question, however, that defendant's alleged representation to accept $800.00 monthly installments would be a material factor in the consent of defendant's president to the judgment. Moreover, defendant's alleged proximately caused injury is intertwined with defendant's alleged waiver of its defenses. De-

fendant alleged it "relied on [the] representations in consenting to the judgment and in waiving its affirmative defenses of failure of consideration and prior breach of the lease by plaintiff." This is damage enough.

Admittedly, defendant fails to explicitly allege its president did not know the plaintiff's representation was false. We note from the record, however, that, at the time defendant's president signed the consent judgment, there is no indication that defendant's attorney of record was present in court or that he was no longer attorney for defendant. Thus, on the present record, it appears plaintiff's representation was a direct communication from plaintiff to an opposing party and not with the opposing party's attorney of record. Given these facts, defendant's ignorance can be inferred without doing damage to the requirement of particular allegations. *See, e.g., McGuire v. Bode,* 607 S.W.2d 165, 167 (Mo.App.1980).

Plaintiff also contends defendant was properly denied relief because defendant failed "to do equity," citing the legal bromide "he who seeks equity, must do equity." Plaintiff develops this vague and general contention in three more specific contentions.

■ First, plaintiff argues that defendant failed to make any of the alleged agreed upon monthly payments and characterizes the failure as "unclean hands." Plaintiff, however, cites no specific principle of law, equitable or legal, which requires defendant here to make or tender payment as a pre-condition to defendant's action.

■ Admittedly, on appeal, our primary concern is the correctness of the result—not the reasons given to reach it. *State ex rel. Keeven v. City of Hazelwood,* 585 S.W. 2d 557 (Mo.App.1979). And when the trial court fails to assign grounds for its judgment, as here, its judgment will be affirmed if supported by any reasonable theory. *E.g., Boswell v. Bunchmann,* 579 S.W.2d 781 (Mo.App.1979). This does not require us, however, to become an advocate

for plaintiff and develop a theory which was neither made nor briefed by plaintiff.

Second, plaintiff argues defendant failed to include the $800.00 monthly payment and a stay of execution in judgment. This plaintiff characterizes as a lack of equity and cites the bromide "Equity aids the vigilant, but does not aid those who have an adequate legal remedy and sleep on their rights." We are not sure what specific principle plaintiff attempts to make.

■ Plaintiff could be arguing: it and the president of the defendant corporation entered into a contract orally, the contract was merged into the written document, the judgment which reflected the contract, and, therefore, defendant cannot set the written document aside by parole evidence. But the basis of defendant's claim is the fraudulent inducement of its president to enter into and sign the document, and defendant is permitted to show this fraud by parole evidence. *Forsythe v. Starnes,* 554 S.W.2d 100 (Mo.App.1977). Moreover, as noted, the record does not show that defendant's own attorney of record was present when the alleged representation was made or when the document was signed by defendant's president. We would be remiss in condoning what appears to be a direct communication by plaintiff's counsel with an opposing party, who, on this record, was represented by an attorney.

Plaintiff also argues that defendant's failure to file its motions until it did is "inexcusable delay" and thus, precludes relief. We disagree.

■ One of the elements defendant must show to obtain relief from the alleged fraud is "due diligence." Defendant must show it discovered the fraud as soon as might reasonably have been expected. *See Black Leaf Products Co. v. Chemsico, Inc.,* 678 S.W.2d 827, 831 (Mo.App.1984); Restatement (Second) of Judgments, Sec. 70, Comment d, Sec. 74 (1982). The present record does not show lack of due diligence as a matter of law. Further proceedings are necessary to establish and address the relevant facts fully. *See Sprung v. Negwer Materials, Inc.,* 727 S.W.2d 883, 890 (Mo. banc 1987).

As its final point, plaintiff argues defendant's claim for relief is barred by the "Statute of Frauds." Sec. 432.010 RSMo 1978. Plaintiff contends the alleged oral agreement allowing monthly payments cannot be performed within a year of the date it was made, and, therefore, this agreement is unenforceable. Sec. 432.010; *See, e.g., Campbell v. Sheraton Corp. of America,* 363 Mo. 688, 253 S.W.2d 106 (1952).

Plaintiff's argument is misdirected and, thus, misses the mark. Defendant is not seeking to enforce the alleged agreement. It is seeking to set the agreement aside because of alleged fraud. There is no requirement that plaintiff's alleged representation be enforceable in a separate and independent contract action. *See, e.g., Scheel v. Superior Mfg. Co.,* 89 N.W.2d 377 (Iowa 1958).

The judgment is reversed and remanded for further proceedings consistent with this opinion.

KELLY and CRIST, JJ., concur.