Robert POPE, Plaintiff–Appellant,

v.

STATE of Missouri, et al., Defendants–Respondents.

No. 60179.

Missouri Court of Appeals,
Eastern District,
Division One.

Nov. 19, 1991.

Motion for Rehearing and/or
Transfer to Supreme Court
Denied Dec. 19, 1991.

Phillip Kent Gebhardt, St. Louis, for plaintiff-appellant.

Jack R. Charter, Circuit Attys. Office, St. Louis, for defendants-respondents.

GARY M. GAERTNER, Judge.

Appellant, Robert Pope, appeals an order of the Circuit Court of the City of St. Louis dismissing appellant's Rule 74.06(d) motion requesting the trial court to set aside an earlier paternity action. We affirm.

On October 15, 1986, respondents, the State of Missouri, Magdalene Parnell and Gabriel, Gayland and Ontario Pope, filed a petition for declaration of paternity, an order of support, and recovery of State debt in the Circuit Court of the City of St. Louis. In the petition, the respondents alleged that appellant was the father of Gabriel, Gayland and Ontario Pope, who were then ages 5, 5 and 1, respectively.

On October 23, 1986, appellant appeared at the Child Support Enforcement office of the Circuit Attorney for the City of St. Louis and signed an entry of appearance. Appellant also agreed to take a paternity blood test. The next day, however, appellant returned to the child support enforcement office and signed a stipulation whereby he agreed he had a duty to support the children in the amount of $100.00 per child per month.

On October 30, 1986, a judgment was entered in the circuit court declaring appellant to be the father of the children and ordering him to pay $300.00 per month in child support. It should be noted appellant was not represented by an attorney in the above proceedings.

On November 6, 1986, appellant, by way of counsel, filed a motion to quash and strike the paternity stipulation. In support of his motion, appellant alleged "he did not know that they [the State] could or could not put him in jail for these allegations [of paternity] and was fearful of incarceration." This motion was never called for a hearing.

On November 17, 1987, appellant filed a second motion to set aside the paternity stipulation and to quash various garnishments that had been issued pursuant to the October 30, 1986, judgment. In the motion, appellant alleged that he had not understood the stipulation when he signed it and further alleged that a representative of the Division of Family Services had told appellant that if he failed to sign the stipulation, he would be imprisoned.

On January 19, 1988, respondent, State of Missouri, filed a motion to strike and dismiss the appellant's motion on the grounds that it was untimely under Rule 74.06(c) because it had been filed more than one year after judgment. A hearing was held on the motion to dismiss on March 11, 1988, and, on that same date, the court granted the State's motion.

On June 2, 1988, appellant filed a petition seeking equitable relief under Rule 74.06(d). In the petition, appellant again alleged that a representative of the Division of Family Services told the appellant that he would be imprisoned if he did not sign the stipulation of paternity. Appellant alleged that the stipulation of paternity was, therefore, the result of duress and fraud and should be set aside.

On October 19, 1989, respondent, the State of Missouri, filed its motion to dismiss alleging, *inter alia*, that any fraud involved was intrinsic fraud and that Rule 74.06(d), therefore, did not apply. The motion to dismiss was heard on November 19, 1989, and, on March 12, 1990, the trial court granted the motion to dismiss. A similar motion to dismiss, filed on behalf of the remaining respondents, was granted on May 3, 1991. This appeal followed.

■ In his first point on appeal, appellant contends that Rule 74.06(d) permits vacation of a judgment that resulted from intrinsic fraud or, in the alternative, appellant contends that the fraud that occurred in the present case was extrinsic. We disagree with appellant's first contention but agree with the second.

Rule 74.06 provides, in relevant part:

**(b) Excusable Neglect—Fraud—Irregular, Void, or Satisfied Judgment.** On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment or order for the following reasons: ... (2) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;
...

**(c) Motion Under Subdivision (b)—Effect on Judgment—Time for Filing—Notice of Hearing—Service.** A motion under subdivision (b) does not affect the finality of a judgment or suspend its operation. The motion shall be made

within a reasonable time and for reasons ... (2) ... of subdivision (b) not more than one year after the judgment or order was entered....

**(d) Power of Court to Entertain Independent Action—Certain Writs Abolished.** This Rule 74.06 does not limit the power of the court to entertain an independent action to relieve a party from a judgment or order or to set aside a judgment for fraud upon the court. Writs of coram nobis, coram vobis, audita querela, and bills of review and bills in the nature of a bill of review are abolished, and the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these Rules or by an independent action.

In *McKarnin v. McKarnin,* 795 S.W.2d 436 (Mo.App., W.D.1990), the Western District considered the question of whether Rule 74.06 abolished the distinction between intrinsic and extrinsic fraud. After noting Rule 74.06(b)(2) permitted consideration of intrinsic fraud if a motion is filed within one year of the entry of judgment, the court went on to recognize that Rule 74.06(b)(2):

> does not affect an independent action in equity and Rule 74.06(d) retains the power of a court to entertain an independent action in equity to set aside a judgment for fraud upon the court. Equity exercises its power to vacate a ... decree only on a showing of extrinsic fraud as shown by the cases discussed above. While those cases were decided prior to the adoption of Rule 74.06, that rule does not purport to make any change in the grounds which must be proven to obtain relief by way of an independent action in equity. To abolish the distinction between intrinsic and extrinsic fraud in suits in equity to set aside a decree would result in the endless retrial of cases with the resultant uncertainty as to when a decree is final. Under Rule 74.-06(b) the distinction has been abolished but motions under that rule must be filed within one year. Thus, a decree may be set aside for either intrinsic or extrinsic fraud if the motion is filed within one year of the date of the judgment. But

after one year, the decree is subject to attack only by an independent action in equity on a showing of extrinsic fraud when the basis of relief is fraud.

*McKarnin,* 795 S.W.2d at 440. We agree with the Western District and hold that Rule 74.06(d) only permits relief from a decree for extrinsic fraud.

■ We must next determine if the fraud alleged in appellant's petition was intrinsic and, therefore, entitled to no relief, or extrinsic fraud.

In *May Dept. Stores Co. v. Adworks, Inc.,* 740 S.W.2d 383 (Mo.App., E.D.1987), this court defines extrinsic and intrinsic fraud according to the definition found in the Restatement, Second of Judgments:

> "Extrinsic" fraud means "fraud that induced a party to default or to consent to judgment against him." "Intrinsic" fraud means "knowing use of perjured testimony or otherwise fabricated evidence."

*May Dept. Stores,* 740 S.W.2d at 385. Clearly, the alleged threat from the agent for the Division of Family Services to the effect that appellant would be imprisoned if he failed to sign the stipulation of paternity qualifies as extrinsic, rather than intrinsic, fraud.

■ Respondents contend that the fraud involved here was intrinsic. In support of this claim, respondents point out that appellant could have refused to sign the stipulation and sought legal advise after being informed that his failure to sign the stipulation of paternity would result in imprisonment. We note, however, this appears to go more to the question of whether or not appellant relied on the false representation of the agent and whether or not such reliance was reasonable. In reviewing a motion to dismiss, this court does not judge the truth or falsity of the allegations but construes the petition favorably to the plaintiff, giving him the benefit of every reasonable and fair intendment in view of the facts alleged. *Heitman v. Brown Group, Inc.,* 638 S.W.2d 316, 320 (Mo.App., E.D.1982). Indeed, contrary to respondents' urgings, in reviewing a motion to

dismiss, this court treats facts in the pleadings as true. *Id.*

Respondents also point to the fact that appellant filed a motion to quash and strike a mere twelve days after signing the paternity stipulation and then abandoned the pleading. Respondents contend that this somehow makes the fraud involved here intrinsic. While appellant's failure to proceed with the motion to quash may have some bearing on his right to equitable relief, it does not change the nature of the fraud alleged.

 Respondents next allege that appellant should not be entitled to equitable relief because he is not free from "fault, neglect and inattention to his case." *McKarnin*, 795 S.W.2d at 440. On this point, we agree.

The record is quite clear the appellant acquired legal aid and filed a motion to quash his stipulation within a mere two weeks after judgment against him. The motion to quash filed at that time alleged what are apparently the same grounds filed in the instant action albeit without the same specificity. Appellant then abandoned that motion. During the next year, no less than three administrative actions were issued by the child support enforcement unit of the State of Missouri to withhold child support from appellant's wages and his army retirement pension. Still, despite this, the appellant failed to either call his first motion to quash for a hearing or file a new motion. Indeed, it was not until more than a year later that appellant finally decided to act.

In *McCarty v. McCarty*, 300 S.W.2d 394 (Mo.1957), a husband told his wife that she did not need an attorney for their divorce proceedings and failed to serve a summons on her. A default judgment was soon entered against her. Although the wife was informed of the default judgment that same day, she filed no motions with the trial court and took no appeal. *McCarty*, 300 S.W.2d at 401. The Supreme Court of Missouri, noting the wife's failure to present her husband's fraud to the trial court during the statutory period to correct an erroneous judgment, held that she had "not shown that she [was] entitled to have a court of equity set aside the [decree]." *McCarty*, 300 S.W.2d at 401.

The record here presents a far stronger case of neglect and inattention. The failure of appellant to pursue his first motion to quash and his failure to file any other papers with the court, not only within the thirty day period provided by Missouri Rule 75.01, but within the one year period provided by Rule 74.06(b), shows a complete lack of attention that deprives appellant of his right to any equitable relief.

The decision of the Circuit Court of the City of St. Louis is affirmed.

REINHARD, P.J., and CRANE, J., concur.