Tamie **WALKENHORST–NEWMAN** and **Katherine Walkenhorst–King,** **Plaintiffs/Respondents,**

v.

**MONTGOMERY ELEVATOR,** Prudential Insurance Company of America, and PM Realty Group Ltd, Defendants.

**Mark J. Walkenhorst, Sr.,** **Movant/Appellant.**

**No. ED 77611.**

Missouri Court of Appeals, Eastern District, Division Five.

Nov. 28, 2000.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 1, 2001.

Application for Transfer Denied March 20, 2001.

Robert T. Healey, St. Louis, for appellant.

Daniel A. Raniere & Mark A. Panzeri, Aubuchon, Raniere & Lally, P.C., Joseph A. Frank, Frank, Dolan & Miller, St. Louis, for respondent.

ROBERT E. CRIST, Senior Judge.

Mark J. Walkenhorst, Sr. (Movant) files this appeal from the judgment denying his motion to set aside the judgment under Rule 74.06(b). We affirm.

Tamie Walkenhorst–Newman (Newman) and Katherine Walkenhorst–King (King) (collectively referred to as "Respondents") filed a wrongful death action under section 537.080, RSMo 1994, against Montgomery Elevator, Prudential Insurance Company of America and PM Realty Group Ltd (Defendants), seeking to recover for the wrongful death of Mark J. Walkenhorst, Jr., on November 13, 1992. Newman was the decedent's wife, while King was his mother. Respondents entered into a settlement agreement with Defendants for an undisclosed amount and asked the circuit court to approve the settlement.

Prior to the settlement hearing of June 1, 1998, Respondents attempted to comply with section 537.095.1, which requires that before the court can approve the settlement they must have "diligently attempted to notify all parties having a cause of action under section 537.080." As the decedent's father, Movant was a party having a cause of action under section 537.080. Movant was divorced from King and had never furnished Respondents with his address. Neither of the Respondents knew Movant's address or exactly where he lived, but they believed Movant had lived somewhere in California. Newman saw Movant in March or April of 1998 when he came to her place of employment. At that time, Movant told her that he was staying with his sister Penny Marshall in Hazelwood and was thinking about moving to Florida.

Respondents decided to send a certified letter of notice about the settlement to Movant in care of his sister Penny Marshall, because they believed she was the most responsible person to let him know about the settlement hearing. The letter, dated May 20, 1998, read as follows:

Please be advised that the undersigned represents Mrs. Katherine Walkenhorst–King with regard to the lawsuit filed for the wrongful death of Mark J. Walkenhorst, Jr. The suit is filed in the Circuit Court of the City of St. Louis, State of Missouri and is styled Tamie Walkenhorst, et al v. Montgomery Elevator Company, et al. (Cause No. 9520–08110). The undersigned is the attorney who filed said lawsuit and can be reached at the above address and telephone number.

The purpose of this letter is to provide notice, pursuant to Missouri Statute 537.095, to all persons having a cause of action under Missouri Statute 537.080, for the wrongful death of Mark J. Walkenhorst, Jr.

This letter is also to serve as notice to you that a hearing will take place on Monday, June 1, 1998, at 8:30 A.M. in Division 4 of the Circuit Court of the City of St. Louis, State of Missouri, for purposes of approving and apportioning settlement of the above-referenced wrongful death action.

Marshall received the certified letter on May 23, 1998, and called Movant about it that day. Movant instructed her to open the letter. Marshall began reading the letter to Movant, but according to Movant, he instructed her not to read past the first paragraph. Movant testified that he erroneously assumed the letter was about a lawsuit between King and Newman. Based on that erroneous assumption, Movant told Marshall not to read anymore.

The settlement hearing occurred on June 1, 1998, and Movant did not appear. At the hearing, Respondents described their effort to contact Movant by certified letter to his sister. Newman told the court that "I know he was living in California. He did come back and was staying with his sister. He was going to stay for a period of time and then move on to Florida." She also stated, "I don't know what period of time he was going to stay with his sister. He did say he was going to stay there for a period of time." The circuit court approved the settlement and apportioned the amount between Newman and King. The court apportioned zero dollars to Movant.

In late June or early July, Movant finally called Newman and asked her about the certified letter. She explained the case had been settled. On August 26, 1998, Movant filed a motion to vacate the judgments entered approving the settlement under Rule 74.06(b). Movant alleged that Respondents' attempt to provide notice by certified mail to his sister did not comply with the requirement that they diligently attempt to notify all parties with a cause of action as required by section 537.095. Movant filed an amended motion, also alleging the notice attempt failed to comply with due process requirements of the Constitution and Rule 54 of the Missouri Rules of Civil Procedure. The circuit court de-

nied Movant's motion. Movant now appeals from this judgment.

In his appeal, Movant raises three points arguing the circuit court erred in failing to grant his Rule 74.06(b) motion to set aside the judgments entered approving the settlements. In Point I, Movant argues the notice of the settlement and apportion hearing directed by certified mail to his sister was not a "diligent attempt" as required by section 537.095. In Point II, Movant contends the notice provided failed to comply with the due process requirements of the United States and Missouri Constitutions. In Point III, Movant argues the notice fails to comply with Missouri Rule of Civil Procedure 54 for issuance and service of process.

■ In filing his Rule 74.06(b) motion, Movant followed the proper procedure to attack the settlement. *Davis v. Wilson*, 804 S.W.2d 392, 396 (Mo.App. W.D.1991). Failure to give notice as required by section 537.095 may constitute a mistake or inadvertence to set aside a judgment approving a settlement for a wrongful death action. *Snead by Snead v. Cordes by Golding*, 811 S.W.2d 391, 395 (Mo.App. W.D.1991). The trial court is vested with broad discretion when acting on motions to vacate judgments and we should not interfere unless the record convincingly demonstrates an abuse of discretion. *Burris v. Terminal R.R. Ass'n*, 835 S.W.2d 535, 538 (Mo.App. E.D.1992).

■ Movant's primary complaint in his three points is that Respondents failed to personally serve him with notice of the settlement. However, section 537.095 does not require personal service. The court could approve the settlement provided that Respondents satisfied the court that they had "diligently attempted to notify all parties having a cause of action under section 537.080." There is no case law defining a "diligent attempt." However, in *State ex rel. Reddy v. Dunlap*, 839 S.W.2d 374, 377–78 (Mo.App. S.D.1992), the Southern District found that a certified letter advis-

ing the recipients of the wrongful death action, the identity of the litigants, and the plaintiffs' lawyer and the lawyer's address and phone number satisfied the notification requirements of the wrongful death statute. Therefore, a certified letter to Movant would satisfy the requirements of the statute and personal service is not required. Here, however, Respondents failed to mail a certified letter to Movant. Instead, they chose to rely upon his sister and mailed notice to her. They did not call the sister or anyone in Movant's family, although they knew them, explain the situation and ask for Movant's address or telephone number. Newman testified that if they had done so, Movant's sister or parents probably would have given her the information. Therefore, Respondents made an insufficient effort to locate Movant, which can hardly be described as diligent. *See, Williams v. Williams*, 950 S.W.2d 919, 923–24 (Mo.App. W.D.1997).

■ However, despite Respondents' failures, Movant is chargeable with actual notice of the hearing. When Marshall received the letter, she immediately called Movant and informed him about it. Based on his own mistaken assumptions, he thought he knew what the letter was about and told her to stop reading after the first paragraph. He did not ask her to forward the letter to him by mail or fax. Thus, Movant failed to receive the crucial piece of information about the settlement apportionment hearing. Yet, Movant's refusal to listen to the entire letter cannot nullify notice.

■ Notice is regarded in law as actual where the person either knows of the fact's existence or is conscious of having the means of knowing it, even though such means may not be used. *Lamke v. Lynn*, 680 S.W.2d 285, 288 (Mo.App. E.D.1984). "Whatever fairly is sufficient to put an ordinarily prudent person on inquiry constitutes notice to him of such facts as would be disclosed by reasonable pursuit and proper inquiry." *Id.*

■ The certified letter from an attorney regarding a lawsuit was sufficient to

put an ordinarily prudent person on inquiry. Although the content of the letter was made available to him, he consciously chose not to receive the letter in its entirety. Movant's actions, when confronted with a certified letter from an attorney regarding a lawsuit, were not prudent. Only Movant's refusal to hear the entire letter prevented him from receiving actual notice. He cannot now challenge the sufficiency of the notice based on his refusal to receive the notice.

> A person has no right to shut his eyes or ears to avoid information and then say that he had no notice, and it is wrong not to heed the "signs and signals" that one sees. It will not do to remain willfully ignorant of a thing readily ascertainable.

16A Am.Jur.2d *Notice* § 13 (1989). Indeed, Movant did heed the "signs and signals" and contacted Newman about the letter, but he did so after the settlement about one month after he received the letter. Movant is, therefore, chargeable with knowledge that would have been acquired by reasonable pursuit and proper inquiry.

In addition, Movant's contention that Rule 54.12 applies to his case has no merit. Rule 54.12 provides that it applies to "civil actions affecting a fund, will, trust, estate, specific property, or any interest therein, or any res or status within the jurisdiction of the court...." In the case at hand, we have a wrongful death action seeking to recover damages for a person's death. It is not a cause of action brought for the purpose of affecting a fund or property of Movant, nor is it a civil action affecting a will or trust. Therefore, Rule 54.12 does not apply to Movant's case. We deny Movant's three points.

Judgment affirmed.

MARY K. HOFF, C.J., and
KATHIANNE KNAUP CRANE, J.,
concur.