James H. **CODY**, Appellant,

v.

**OLD REPUBLIC TITLE CO.**, Respondent.

No. ED 84309.

Missouri Court of Appeals, Eastern District, Division One.

Dec. 7, 2004.

Rehearing Denied Feb. 9, 2005.

D.B. Amon, St. Louis, MO, for appellant.

Warren W. Davis, Nancy L. Cardinale, Sandberg, Phoenix & von Gontard, P.C., St. Louis, MO, for respondent.

GARY M. GAERTNER, SR., Presiding Judge.

Appellant, James Cody ("Cody"), appeals from the judgment of the Circuit Court of the City of St. Louis granting Respondent's, Old Republic Title Co. ("Old Republic"), motion to dismiss. We affirm.

In his initial suit ("the 1999 suit"), Cody obtained a default judgment for $1,500,000 against Old Republic for the alleged wrongful taking of Cody's property. Thereafter, Old Republic filed a motion to set aside the default judgment alleging lack of service and improper service in that the Missouri Division of Insurance was not the proper agency for service of Old Republic. On September 5, 2000, the default judgment was dismissed, and the 1999 suit was restored to the docket for further proceedings. On December 26, 2000, Judge Dierker dismissed the 1999 suit in its entirety with prejudice. In this suit, filed with the court on Oct. 1, 2003, Cody alleges that the court's dismissal of the default judgment in the 1999 suit was procured by fraud in that it was based on allegedly false information contained in affidavits considered by the court. In particular, Cody claims Old Republic denied it was an insurance company, when they in fact were an insurance company, and thus service of the petition for the 1999 suit on the Missouri Division of Insurance was proper service. On January 23, 2004, Old Republic filed a motion to dismiss this suit with the court, and sent a notice of hearing (which set the hearing for February 25, 2004) along with a copy of the motion to dismiss. Cody did not appear at the hearing for the motion to dismiss conducted on February 25, 2004. The court granted Old Republic's motion to dismiss with prejudice. The court did not specify the grounds relied on for dismissing the action. This appeal followed.

In his first point on appeal, Cody claims the trial court erred in granting Old Republic's motion to dismiss.

A final judgment may be set aside for intrinsic or extrinsic fraud, if a motion is filed within one year of the date the judgment was entered. Rule 74.06(b-c); *Pope v. State*, 819 S.W.2d 397, 399 (Mo.App. E.D.1991). After one year from the date of the judgment, the judgment is subject to attack only by an independent action in equity upon a demonstration of extrinsic fraud when the basis of relief is fraud. *Id.* "Extrinsic" fraud means "fraud that induced a party to default or to consent to judgment against him," and "Intrinsic" fraud means "knowing use of perjured testimony or otherwise fabricated evidence." *Id.*, *quoting May Dept. Stores Co. v. Adworks, Inc.*, 740 S.W.2d 383, 385 (Mo.App. E.D.1987).

Cody argues that the court should have considered his claim an independent action in equity under Rule 74.06(d). Cody claims in his petition that the court's dismissal of the default judgment in the 1999 suit was procured by fraud because it was supported by Old Republic's allegedly false affidavits. Clearly, Cody's claim constitutes a claim of intrinsic fraud, which would be untimely if not filed within a year of the entry of the court's judgment. This claim, filed on October 1, 2003, was filed well beyond a year after the court's judgment was entered. Therefore, the trial court did not err in dismissing Cody's fraud claim with prejudice. Point denied.

In his second point on appeal, Cody claims that the court erred in hearing and granting Old Republic's motion to dismiss without notice of the hearing to Cody in violation of Rule 44.01(d). Cody asserts that had he appeared in court, he could have requested leave to amend his claim.

Rule 44.01(d) requires that a written motion and notice of the hearing be served not later than five days before the time specified for the hearing, unless a different period is fixed by law or court rule or by order of the court. Due process requires that a party be informed of any proceeding which is to be accorded finality either by actual notice or by "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Greene v. Lindsey*, 456 U.S. 444, 449–50, 102 S.Ct. 1874, 72 L.Ed.2d 249 (1982), *quoting Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950). Notice sufficient to put an ordinarily prudent person on inquiry constitutes notice to him or her of such facts as would be revealed by reasonable pursuit and proper inquiry. *Walkenhorst–Newman v. Montgomery Elevator*, 37 S.W.3d 283, 286 (Mo.App. E.D.2000).

Cody does not contest that he timely received a notice of hearing along with a copy of Old Republic's motion to dismiss. The notice of hearing incorrectly stated that Old Republic's "Motion to Compel" would be called for hearing on February 25, 2004. Old Republic had not filed a motion to compel. Nonetheless, the timely notice of a hearing received by Cody with an attached motion to dismiss was sufficient to put him on inquiry as to whether there was a clerical error in the notice of hearing. Any reasonable inquiry directed towards Old Republic's counsel would have erased any confusion and made Cody aware that a motion to dismiss would be heard in front of the court on February 25, 2004. Furthermore, a check of court records would have revealed that the motion to dismiss was the only motion filed by Old Republic in this case. Therefore, considering the facts of this case, Cody received

adequate notice of the hearing. Point denied.

Based on the foregoing, we affirm the judgment of the trial court.

SHERRI B. SULLIVAN and BOOKER T. SHAW, JJ, concur.