**Charles Eldon ESSIG, Appellant,**

v.

**Mary Katherine ESSIG, Respondent.**

**No. WD 51737.**

Missouri Court of Appeals,
Western District.

May 14, 1996.

George W. Lehnen, II, Richmond, for Appellant.

J.D. Gorham, Richmond, for respondent.

Before FENNER, C.J., P.J., and SMITH and ELLIS, JJ.

FENNER, Chief Judge.

Appellant, Charles Eldon Essig, appeals the judgment of the trial court setting aside the terms of an earlier decree of dissolution in regard to maintenance and property division pursuant to Respondent's motion under Rule 74.06.

### FACTUAL BACKGROUND

Appellant, Charles Essig, and respondent, Mary Essig, were married on November 21, 1958, and separated on May 21, 1993. On May 27, 1993, Charles Essig filed his petition for Dissolution of Marriage. Also, on May 27, 1993, the parties signed a separation agreement. On June 30, 1993, the Circuit Court of Ray County, Missouri, entered a decree dissolving the marriage of the parties and approving their separation agreement. On December 7, 1993, Mary Essig filed a motion asking that the decree be set aside pursuant to Rule 74.06. The motion was initially taken up and denied by the trial court on December 29, 1993. In denying the motion, the trial court did not hear evidence and expressed doubt that it had power to reopen the decree. The denial was appealed by Mary Essig and reversed by this court in *Essig v. Essig,* 897 S.W.2d 151 (Mo.App. 1995). The cause was remanded with directions that the trial court conduct a hearing to consider evidence in support of Mary Essig's motion.[1]

Upon remand, a hearing was held and the trial court entered its order setting aside the portions of the decree of dissolution relating

1. The initial decree of dissolution was entered by the Honorable Charles H. Sloan as was the initial order denying Mary Essig's motion to reopen the decree. Upon remand, the motion was heard by the Honorable Werner A. Moentmann.

to the division of marital property and maintenance. Charles Essig now appeals the order setting aside portions of the decree.

■ On appeal, Charles Essig argues in his first point that the trial court erred on remand by finding the settlement agreement of the parties to be unconscionable. Essig argues in this regard that conscionability was determined when the court entered its initial decree of dissolution and that the trial court was not directed by this court's mandate in the first appeal to consider whether the separation agreement was unconscionable. In his second point, appellant argues that there was insufficient evidence to find that the settlement agreement was procured by fraud.

The mandate of the first appeal merely reversed and remanded for the trial court to consider Mary Essig's evidence in support of her Rule 74.06 motion. While we agree that unconscionability of a separation agreement is not a basis for setting aside a judgment under Rule 74.06, it can be relevant toward a determination of fraud depending upon the allegations in a particular case. Nonetheless, if there was a basis in this case for the trial court to find that the separation agreement was procured by fraud, it was subject to being set aside under Rule 74.06. We, therefore, review to determine if there was sufficient evidence to find the settlement agreement was procured by fraud. Finding that there was, we affirm the judgment of the trial court and it is not necessary for us to address appellant's first point.

## RULE 74.06

Rule 74.06(b) provides, in pertinent part, that a party can be relieved of the terms of a final judgment by reason of "fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party." Furthermore, Missouri trial courts have broad discretion in deciding whether to grant a motion to set aside a final judgment. *Cotleur v. Danziger,* 870 S.W.2d 234, 238 (Mo. banc 1994). An appellate court should not interfere with the action taken by the trial court unless the record clearly and convincingly demonstrates an abuse of such discretion. *Anderson v.*

*Anderson,* 850 S.W.2d 404, 406 (Mo.App. 1993).

■ An unkept promise does not constitute actionable fraud. *In re Marriage of Pfeifer,* 862 S.W.2d 926, 929–30 (Mo.App. 1993) (*citing Sofka v. Thal,* 662 S.W.2d 502, 507 (Mo. banc 1983)). However, a promise accompanied by a present intent not to perform it is a misrepresentation of present state of mind, itself an existing fact, and is sufficient to constitute actionable fraud. *Pfeifer,* 862 S.W.2d at 930.

As set forth by this court in the parties' first appeal, the separation agreement stated that the parties had no non-marital property, and that each party would retain his or her clothing, jewelry, personal effects, and all furnishings, appliances, furniture, household goods, utensils and cookware in his or her possession. It granted to Charles Essig all personal property in or around the marital home, two pickup trucks, three boat motors, a boat, a camper, a trailer, all rights in any insurance policies and retirement plans, credit union accounts of approximately $620, and a note receivable worth $6,000. Charles also received the marital home, the value of which was not specified, and he assumed a $6,000 debt against the marital home. The separation agreement required Charles to pay debts totalling $12,700. It provided that neither of the parties would pay maintenance to the other, and that Charles would pay all attorney fees and costs associated with the separation agreement and divorce. *Essig v. Essig,* 897 S.W.2d at 151.

Taken in the light most favorable to the judgment of the trial court, the evidence in the case at bar reflects that Charles Essig told Mary Essig that after the divorce he would divide the marital property with her on a "fifty-fifty" basis. Mary testified that when asked that the scheduled dissolution hearing be postponed to enable her to consult an attorney, Charles persuaded her to proceed with the hearing assuring her that he would evenly divide the property after the divorce. Appellant further told Mary's sister and her husband that he thought the divorce proceeding would result in an equal division of the property.

There was sufficient evidence for the trial court to find that when Charles told Mary that he would divide the marital property evenly with her after the divorce that he had no intention to do so. Nonetheless, Charles argues that Mary is not entitled to have the judgment set aside because she was not free of fault, neglect, or inattention to the case. Charles argues that Mary could and should have sought legal counsel and that her failure to do so shows neglect and inattention to the case.

▆ Rule 74.06 allows a trial court to set aside a judgment based on a finding of fraud. A party seeking to have a judgment set aside for fraud may proceed in one of two ways: 1) if not more than one year has elapsed since the judgment or order has been entered, the party may file a motion to set aside the judgment under Rule 74.06(b) for intrinsic fraud (which pertains to the merits of the cause) or extrinsic fraud (which is collateral to the merits of the cause); or 2) if more than one year has lapsed since the judgment or order has been entered, the party must bring an independent action alleging only extrinsic fraud in accordance with Rule 74.06(d). Moreover, for a judgment to be set aside for extrinsic fraud, the complaining party must be shown to be free of fault, neglect or inattention to the case. *Lin v. Lin,* 834 S.W.2d 224, 227 (Mo.App.1992) (*citing Vinson v. Vinson,* 725 S.W.2d 121, 124 (Mo.App.1987)).

▆ Even though respondent could and should have sought legal counsel, her failure to do so was precipitated by appellant's fraudulent conduct. The parties had been married for 34 years and Mary received none of the marital property other than personal property in her possession. When Mary told Charles that she wanted to postpone the dissolution hearing to enable her to obtain an attorney, Charles told her that if she let the hearing proceed, he would then divide their property with her equally. The evidence reflects that Charles represented to Mary that he would divide the property evenly after the divorce to convince Mary to proceed with the divorce and to further convince her that it was not necessary for her to consult with an attorney in order to obtain an ex-

tremely favorable property distribution. Any inattention or neglect on Mary's part was directly attributable to Charles. We do not find an abuse of discretion by the trial court setting aside the initial judgment herein in regard to the division of property and maintenance.

Judgment affirmed.

All concur.