**Patricia J. MATHERS, Appellant,**

v.

**ALLSTATE INSURANCE COMPANY, Respondent.**

**No. WD 69164.**

Missouri Court of Appeals, Western District.

Oct. 7, 2008.

Linus L. Baker, Esq., Silwell, KS, for appellant.

Michael Eugene McCausland, Kansas City, MO, for respondent.

Before JOSEPH M. ELLIS, P.J., RONALD R. HOLLIGER and JOSEPH P. DANDURAND, JJ.

JOSEPH P. DANDURAND, Judge.

Patricia J. Mathers appeals the judgment of the Circuit Court of Clay County setting aside a default judgment entered against Allstate Insurance Co. In her sole point on appeal, Ms. Mathers contends that the trial court erred in setting aside the default judgment because Allstate failed to demonstrate the requisite extrinsic fraud and failed to show its absence of fault, neglect, and inattention to the case. The judgment is reversed, and the case is remanded to the trial court to reinstate the default judgment.

## Facts

Patricia J. Mathers maintained a homeowner's insurance policy with Allstate Insurance Company. When Ms. Mathers's residence was damaged by fire in October 2004, she promptly filed a claim with Allstate. Allstate denied the claim for coverage.

On September 30, 2005, Ms. Mathers filed suit seeking payment under the policy and compensation for Allstate's alleged vexatious refusal to pay. Allstate was properly served with process but failed to respond and was in default. On January 26, 2006, the Circuit Court of Clay County entered a default judgment in favor of Ms.

Mathers for $101,705.00 plus nine percent interest.

Over a year later, on March 6, 2007, Allstate filed a motion to set aside the default judgment. The trial court held a hearing on the motion. At the hearing, Allstate acknowledged that its motion to set aside the default judgment was filed outside the one-year time limit of Rule 74.05(d). However, Allstate asserted that the court should treat the motion as an independent action in equity, which, in accordance with Rule 74.06(d), does not limit the court to the one-year time restraint. Following the hearing, the court entered a judgment setting aside the default judgment. This appeal followed.

## Standard of Review

In this case, the motion to set aside a default judgment was treated as an independent action in equity. Appellate review of the trial court's judgment in an independent action in equity is governed by the same standard as that used in a judge-tried case. *See Systematic Bus. Servs., Inc. v. Bratten,* 162 S.W.3d 41, 46 (Mo.App. W.D.2005). Thus, we will sustain the trial court's judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *See id.*(citing *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976)). Further, appeal of an independent action in equity to set aside a judgment is from the judgment disposing of the motion to set aside, rather than the underlying judgment that is being attacked. *See Baxi v. United Techs. Auto. Corp.,* 122 S.W.3d 92, 95 (Mo. App. E.D.2003).

## Analysis

Missouri Supreme Court Rule 74.05 provides for relief from a default

judgment. Pursuant to Rule 74.05(d), the party moving to set aside the default judgment must "(1) file his motion within a reasonable time, (2) show a meritorious defense, and (3) show good cause for failure to answer the original summons." *Pyle v. FirstLine Transp. Sec., Inc.*, 230 S.W.3d 52, 57 (Mo.App. W.D.2007). Importantly, any motion to set aside a default judgment based on Rule 74.05(d) *must be filed within one year after the entry of the default judgment. See* Rule 74.05(d); *see also Klaus v. Shelby*, 42 S.W.3d 829, 832 (Mo.App. E.D.2001)(noting that the timeliness requirement and the good cause showing are *separate requirements* under Rule 74.05(d)).

Alternatively, a party may seek relief from judgment pursuant to Rule 74.06(b). Rule 74.06(b) permits relief from judgment based upon excusable neglect, fraud, misrepresentation, misconduct of an adverse party, or if the judgment is irregular, void, or satisfied. Any motion for relief from judgment based on this rule likewise must be filed within one year. *See* Rule 74.06(c).

█ Once the one-year time limits imposed by 74.05(d) and 74.06(c) have expired, a party may *only* rely on the equitable power of the court for relief from judgment. *See Cody v. Old Republic Title Co.*, 156 S.W.3d 782, 784 (Mo.App. E.D.2004)(holding that after one year from the date of the judgment, a party may challenge the judgment only by an independent action in equity). Rule 74.06(d) leaves open the possibility for an independent cause of action in equity wherein the trial court may set aside a final judgment more than one year after it was entered. *State ex rel. Lowry v. Carter*, 178 S.W.3d 634, 637 (Mo.App. W.D.2005). The rule does not create the action (which exists because of the court's inherent equitable powers) but merely recognizes its exis-

tence and mandates that courts continue entertaining it. *See Sanders v. Ins. Co. of N. Am.*, 904 S.W.2d 397, 401 (Mo.App. W.D.1995)(citing *Jones v. Jones*, 254 S.W.2d 260 (Mo.App.1953)).

█ Missouri courts have consistently held that an independent action in equity to set aside a default judgment must be based on extrinsic fraud, or fraud on the court. *See id.; see also Cody*, 156 S.W.3d at 784; *Jones v. Jacobs*, 988 S.W.2d 97, 100–01 (Mo.App. W.D.1999). Extrinsic fraud is "'fraud that induced a party to default or to consent to judgment against him.'" *Carter*, 178 S.W.3d at 637 (citations omitted). Intrinsic fraud, which is "'knowing use of perjured testimony or otherwise fabricated evidence,'" is *not* sufficient to support setting aside a default judgment more than one year after its entry. *See Cody*, 156 S.W.3d at 784 (citation omitted).

█ Further, for a judgment to be set aside on the ground of extrinsic fraud, a party must demonstrate its absence of fault, neglect, or inattention to the case. *Reding v. Reding*, 836 S.W.2d 37, 43 (Mo. App. S.D.1992). The defaulting party is not entitled to equitable relief where that party is chargeable with neglect. *See Massa v. Anderson*, 691 S.W.2d 496, 497 (Mo.App. E.D.1985).

█ In the present case, Allstate filed a motion to set aside the default judgment, which the trial court correctly characterized as an independent action in equity. Because the motion was filed more than one year after the entry of default judgment, the motion cannot be considered to have been filed pursuant to Rule 74.05(d) or Rule 74.06(b). *See McKarnin v. McKarnin*, 795 S.W.2d 436, 439 (Mo.App. W.D.1990). Instead, the trial court properly treated the motion as an independent action in equity under Rule

74.06(d), which imposes no time limit for bringing the action. *See Orrock v. Crouse Realtors, Inc.,* 813 S.W.2d 929, 931 (Mo. App. E.D.1991).

 In ruling on the motion, the trial court determined that Allstate "had demonstrated that because of accident, mistake, or inadvertence, it had been denied the opportunity to present its meritorious defense." The court relied on language from *Thompson v. Columbia Mutual Insurance Co.,* for the test for equitable relief:

> "Equity will relieve against a judgment for extrinsic fraud, accident and mistake, and where a defendant is denied the occasion to present a meritorious defense by reason of accident, mistake, inadvertence, mischance or unavoidable circumstances *unmixed with neglect or inattention,* a court of equity will vacate a default judgment and give the injured party an opportunity to present his defense to the trier of the facts."

820 S.W.2d 626, 630 (Mo.App. S.D.1991) (citation omitted).

The *Thompson* court, however, went on to state that setting aside the default judgment required a finding that (1) extrinsic fraud, accident, or mistake occurred *and* (2) the defendant's actions (or inactions) were *unmixed with neglect or inattention. Id.* Accordingly, in *Thompson,* the court refused to set aside the default judgment because it concluded the defendant's actions were "tainted with neglect and inattention." *Id.*

The evidence in the present case revealed that Allstate was neglectful and inattentive in handling Ms. Mathers's petition. Allstate specifically acknowledged that it was chargeable with "inadvertence and mistake" in handling the petition. This failure of the complaining party to demonstrate it was free from fault, ne-

glect, or inattention is fatal to the action. *Reding,* 836 S.W.2d at 43.

Furthermore, Allstate failed to prove extrinsic fraud. The parties do not dispute that Allstate's inattention caused it to mishandle Ms. Mathers's petition. However, evidence that Allstate did not properly process Ms. Mathers's petition due to inadvertence and mistake of clerical staff did not constitute fraud inducing Allstate to default or to consent to judgment against it. Thus, it does not rise to the level of extrinsic fraud. *See Carter,* 178 S.W.3d at 638. The trial court, in ruling that "an independent action in equity to vacate a judgment need not be based on extrinsic fraud" erroneously declared the law, because such an action can *only* be based on extrinsic fraud. *See McKarnin,* 795 S.W.2d at 439. Allstate was required to show extrinsic fraud but failed to do so.

Although Allstate may have had a meritorious defense because Ms. Mathers' son was subsequently convicted of arson for the fire upon which Ms. Mather's underlying claim for damages was based, Allstate failed to either plead or prove to the trial court a *legal basis* for setting aside the default judgment. Instead, Allstate pleads as its basis for setting aside the default judgment matters which could *only* serve as a basis to set aside a default judgment *within one year* of the entry of the judgment. The defense of arson has absolutely no legal relevance unless a legal ground for setting aside the judgment is shown. Existing law permits this default judgment to be set aside only if Allstate pleads and proves extrinsic fraud unmixed with neglect or inattention in obtaining the judgment. Allstate neither pleads nor claims extrinsic fraud, and Allstate *acknowledges* it was chargeable with inadvertence and mistake in handling the petition herein.

We are bound to follow existing law. We are thus required by law to reverse

the judgment of the trial court setting aside the default. Therefore, while it is generally true that the law disfavors default judgments, *see Klaus,* 42 S.W.3d at 832, in the instant case the trial court erred in setting aside the default judgment.

The judgment is reversed, and the case is remanded to the trial court to reinstate the default judgment and deny the equitable action to set aside the default judgment.

All concur.