Fred KEITHLEY and Tatiana Keithley, Plaintiffs–Appellants,

v.

Don SHELTON, Don Shook, and The Dons Productions, Defendants–Respondents.

Nos. SD 32508, SD 32625.

Missouri Court of Appeals, Southern District, Division Two.

Sept. 13, 2013.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 30, 2013.

Application for Transfer Denied Nov. 26, 2013.

---

Richard D. Bender, Bender Law Office, Springfield, MO, for Appellant.

No brief filed by Respondents.

## GARY W. LYNCH, J.

■ Fred Keithley and Tatiana Keithley ("Plaintiffs") appeal from the trial court's judgment setting aside a prior judgment on the merits entered against Don Shelton, Don Shook, and The Dons Productions ("Defendants"). Plaintiffs contend that the trial court erred in setting aside the judgment because Defendants failed to allege and demonstrate the requisite extrinsic fraud and failed to show they were free of fault, neglect, and inattention to the case.[1] Finding that Defendants' motion to set aside the underlying judgment does not allege any facts giving rise to extrinsic fraud as required, the judgment is reversed, and the case is remanded to the trial court to reinstate the underlying judgment entered against Defendants.

### *Factual and Procedural Background*

Plaintiffs filed suit against Defendants on July 29, 2005, in the Circuit Court of Taney County. Defendants, through counsel, filed an answer and counterclaim on August 29, 2005.

On June 23, 2008, Plaintiffs filed their first set of interrogatories to Defendants and their first request for production of documents. Almost sixteen months later, Plaintiffs filed a motion to compel discovery against Defendants, alleging that Defendants had failed to answer Plaintiffs' first set of interrogatories and failed to produce requested documents. Plaintiffs requested the trial court order Defendants to answer and produce within ten days or have their answer stricken and judgment entered in Plaintiffs' favor. A hearing on the motion was set for October 29, 2009. On that date, counsel for Defendants moved to withdraw. The trial court sustained her motion and granted Defendants sixty days to obtain counsel.

More than ninety days later, on February 11, 2010, Plaintiffs filed a motion to compel and for sanctions. Upon hearing Plaintiffs' motion, the trial court sustained the motion and ordered Defendants to provide discovery within ten days. After receiving no response from Defendants, Plaintiffs filed another motion to compel and requested sanctions against Defendants. That motion was set for hearing on April 1, 2010. On that date, Defendants failed to appear, and the trial court made a docket entry sustaining Plaintiffs' motion, striking Defendants' pleadings and entering judgment in favor of Plaintiffs. A judgment as defined by Rule 74.01(a) was entered on April 27, 2010, awarding Plaintiffs actual and compensatory damages in the amount of $127,000, punitive damages in the amount of $500,000, as well as attorney fees and costs in the amount of $18,236.71.[2]

Almost two years later, on April 6, 2012, Defendants filed a verified "Motion To Set Aside Default Judgment pursuant to Rule 74.06(d)."[3] In their motion, Defendants

---

1. Defendants did not file a brief. "While there is no penalty for that omission, it requires this court to adjudicate [Plaintiffs'] claims of error without the benefit of whatever argument, if any, [Defendants] could have made in response." *In re Estate of Klaas*, 8 S.W.3d 906, 908 (Mo.App.2000).

2. All rule references are to Missouri Court Rules (2013).

3. Rule 74.06(d) provides:

**(d) Power of Court to Entertain Independent Action—Certain Writs Abolished.**
This Rule 74.06 does not limit the power of the court to entertain an independent action to relieve a party from a judgment or order or to set aside a judgment for fraud upon the court. Writs of coram nobis, coram vobis, audita querela, and bills of review and bills in the nature of a bill of review are abolished, and the procedure for obtaining any relief from a judgment shall

characterized it "as an independent suit in equity as contemplated by Rule 74.06(d)." Defendants alleged in their motion that their mailing address had been changed more than three years before the underlying judgment was entered, they were never notified that counsel had withdrawn, and they were never served with Plaintiffs' motions to compel nor the trial court's judgment. Defendants maintained that they learned of the judgment entered against them in February 2012 and "[f]rom the summer of 2006 to February of 2012, [they] did not receive any information from any party at any time regarding this matter." Based upon these factual allegations, they concluded in their motion that a "default judgment was entered through 'accident, mistake, inadvertence or mischarge' to which the Defendants['] actions were not contributory or negligent."

Plaintiffs responded to Defendants' motion, asserting that Defendants failed to "plead and prove both extrinsic fraud and the absence of neglect or inattention." Rather, Plaintiffs contended, "Defendants were at fault for not responding to discovery and in failing to contact anyone concerning the status of the case."

On February 7, 2013, the trial court entered a "Judgment Order Setting Aside Default Judgment," setting aside the underlying judgment against Defendants. Plaintiffs timely appeal the judgment setting aside the underlying judgment.[4]

### Standard of Review

■ Appellate review of the trial court's judgment in an independent action in equity is governed by the same standard as that used in a judge-tried case. *See Systematic Bus. Servs., Inc. v. Bratten*, 162 S.W.3d 41, 46 (Mo.App.W.D.2005). Thus, we will sustain the trial court's judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *See id.* (citing *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976)).

*Mathers v. Allstate Ins. Co.*, 265 S.W.3d 387, 389 (Mo.App.2008).

### Discussion

In a single point relied on, Plaintiffs assert the following claim: The trial court erred in setting aside its April 27, 2010 Judgment after the passage of one year because Defendants failed to show a basis for relief in that they did not allege that the judgment was procured by extrinsic fraud and in that they failed to show they were free from fault, neglect or inattention to the case.

We agree that the trial court erred in setting aside the underlying judgment against Defendants because Defendants' motion to set aside that judgment did not allege that the judgment was procured by extrinsic fraud.

■ We initially note that Defendants moved to set aside a "default judgment," and the trial court's judgment setting aside the underlying judgment also referred to the underlying judgment as a default judgment. Both are incorrect. Rule 74.05(a) provides that a default judgment may be entered "[w]hen a party against whom a judgment for affirmative relief is sought

be by motion as prescribed in these Rules or by an independent action.

4. Plaintiffs prematurely filed a notice of appeal from the trial court's docket entry sustaining Defendants' motion to set aside the judgment. This appeal was assigned case number SD32508. After the entry of the trial court's judgment on February 7, 2013, Plaintiffs filed another notice of appeal, which was assigned case number SD32625. Both cases have been consolidated for all purposes on this Court's own motion.

has failed to plead or otherwise defend as provided by these rules[.]" Here, Defendants filed an answer to Plaintiffs' petition. Thereafter, Defendants failed to respond to Plaintiffs' interrogatories and request for production of documents and failed to comply with the trial court's express order to provide that discovery within ten days. In the face of such failures, the trial court ordered Defendants' pleadings stricken as a sanction for discovery violations and entered judgment for Plaintiffs. Thus, the trial court's judgment was not a true default judgment; rather, it was a judgment for sanctions under Rule 61.01. *See Duvall v. Maxey*, 249 S.W.3d 216, 220 (Mo. App.2008); *The Bank v. Lessley*, 240 S.W.3d 739, 742 (Mo.App.2007). As such, it was a judgment on the merits. *Greasel Conversions, Inc. v. Massa*, 399 S.W.3d 456, 461 (Mo.App.2013). While setting aside a default judgment is governed by Rule 74.05(d), that rule does not apply to setting aside a judgment upon the merits. *Greasel Conversions, Inc.*, 399 S.W.3d at 461. Setting aside a judgment rendered on the merits is governed by Rule 74.06. Rule 74.06; *Am. Econ. Ins. Co. v. Powell*, 134 S.W.3d 743, 746 (Mo.App.2004).

Rule 74.06(b) provides, in part, that the moving party may be relieved from

a final judgment or order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (3) the judgment is irregular; (4) the judgment is void; (5) or the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment remain in force.

Rule 74.06(c) provides, in part, "The motion shall be made within a reasonable time and for reasons (1) and (2) and (3) of subdivision (b) not more than one year after the judgment or order was entered." However, "[o]nce the time for filing a Rule 74.06(b) motion expires, Rule 74.06(d) leaves open the possibility for an independent cause of action in equity based on extrinsic fraud wherein the trial court may set aside a final judgment." *First Bank of the Lake v. White*, 302 S.W.3d 161, 169 n. 7 (Mo.App.2009). *See also State ex rel. Lowry v. Carter*, 178 S.W.3d 634, 637 (Mo. App.2005) ("Rule 74.06(d) allows the circuit court to entertain an action and set aside a final judgment more than one year after it was entered if a party committed fraud upon the court, generally referred to as extrinsic fraud.").

■ "An independent action in equity to set aside a judgment must be based on extrinsic fraud, or fraud on the court." *Sanders v. Ins. Co. of N. Am.*, 904 S.W.2d 397, 401 (Mo.App.1995) (citing *Jones v. Jones*, 254 S.W.2d 260, 261 (Mo.App.1953); *McKarnin v. McKarnin*, 795 S.W.2d 436, 439 (Mo.App.1990)). Such an action may be brought " 'at any time.' " *McKarnin*, 795 S.W.2d at 439 (quoting *In re Marriage of Brown*, 703 S.W.2d 59, 60 (Mo.App. 1985)).

■ " '[F]raud is a positive act resulting from a willful intent to deceive.' " *Vaughan v. United Fire & Cas. Co.*, 90 S.W.3d 220, 225 (Mo.App.2002) (quoting *Memco., Inc. v. Chronister*, 27 S.W.3d 871, 875 (Mo.App.2000)). "Extrinsic fraud is 'fraud that induced a party to default or to consent to judgment against him.' " *First Bank of the Lake*, 302 S.W.3d at 169 n. 7 (quoting *State ex rel. Lowry*, 178 S.W.3d at 637). It "is collateral to the merits of the cause[.]" *Essig v. Essig*, 921 S.W.2d 664, 667 (Mo.App.1996). "Extrinsic fraud refers to the fraudulent procurement of a judg-

ment, not the propriety of the judgment." *Walker v. Walker*, 280 S.W.3d 634, 636 (Mo.App.2009). "It must relate to the manner in which the judgment was obtained." *Id.* Furthermore, "[f]raud must be pleaded with particularity. Rule 55.15." *Walker*, 280 S.W.3d at 637. For a movant to invoke the equitable powers of the court, a movant must have pleaded extrinsic fraud sufficiently in movant's motion. *Id.*

■ In addition, to obtain the relief Defendants sought, if based on a claim of extrinsic fraud, "the complaining party must be shown to be free of fault, neglect or inattention to the case." *Essig*, 921 S.W.2d at 667. "[F]ailure of the complaining party to demonstrate it was free from fault, neglect, or inattention is fatal to the action." *Mathers*, 265 S.W.3d at 391.

■ We need not reach this second requirement, however, as Defendants' failure to allege and demonstrate extrinsic fraud in their motion to set aside is dispositive in this appeal. Defendants' allegations in their motion to set aside the judgment are related solely to their interaction, or lack thereof, with their own counsel in regard to receiving notice of court filings and hearing dates. Such allegations do not constitute claims of extrinsic fraud. There are no allegations of any facts supporting that Plaintiffs engaged in any positive act resulting from a willful intent to deceive the court in order to procure the underlying judgment. Defendants' failure to plead any facts that support extrinsic fraud precludes them from receiving equitable relief. Plaintiffs' point is granted.

The trial court's judgment order setting aside the underlying April 27, 2010 judgment in favor of Plaintiffs and against Defendants is reversed, and the case is remanded to the trial court with directions to reinstate the underlying April 27, 2010

judgment and deny Defendants' independent equitable action to set aside the same.

JEFFREY W. BATES, P.J., and MARY W. SHEFFIELD, J., concur.