

# Missouri Court of Appeals
## Southern District

### In Division

ROBERT BINGHAM, )
)
    Plaintiff-Respondent, )
)
    v. ) No. SD38272
)
NATIONAL LIABILITY & FIRE ) **Filed: November 12, 2024**
INSURANCE COMPANY, )
)
    Defendant-Appellant. )

APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY

The Honorable Daniel R. Wichmer, Judge

**<u>AFFIRMED</u>**

National Liability & Fire Insurance Company ("National") appeals the Circuit Court of Greene County, Missouri's ("trial court's") judgment overruling its Motion to Set Aside Default Judgment awarding compensatory damages and interest to Robert Bingham ("Bingham"). In two points on appeal, National asserts the trial court erred in denying National's Motion to Set Aside Default Judgment because (1) the default judgment was obtained through extrinsic fraud and fraud on the court in that Bingham's counsel induced National's inaction, and (2) the trial court applied an improper standard in that Rule 74.06(d) should allow consideration of grounds

1

other than fraud under the plain language of the rule.[1]  Finding no merit in these claims, we affirm.

**Factual Background and Procedural History**

On December 1, 2011, Bingham was travelling to a jobsite in a van owned by his employer, Recovery Chapel, Inc. ("Recovery Chapel"), as part of Recovery Chapel's "Honest Days Work" program.[2]  The van and its occupants were involved in a single vehicle roll-over accident.  National was the business auto liability insurer for Recovery Chapel.

Bingham made, and received payment for, a Workers' Compensation claim.  He then filed a personal injury lawsuit in March 2012, against Aaron Edwards ("Edwards"), Farris Robertson ("Robertson"), and Recovery Chapel, for injuries he sustained in the accident. Edwards and Robertson were also employees of Recovery Chapel.  Edwards was the driver of the van at the time of the accident.  Robertson was alleged to be the director in charge of Recovery Chapel and its work program.  Bingham voluntarily dismissed Recovery Chapel from the lawsuit with prejudice in September 2012.  The initial Petition for Damages was amended and Dan Harmen ("Harmen") was added as a defendant in January 2013.[3]  Harmen was also an employee of Recovery Chapel.  Bingham dismissed the lawsuit against Edwards, Robertson, and Harmen without prejudice in December 2014.

---

[1] All rule references are to Missouri Court Rules (2024), unless otherwise indicated.

[2] Recovery Chapel is a work release program for men on parole for drug and alcohol offenses.  The "Honest Days Work" program provides manual labor employment for men staying at Recovery Chapel.

[3] We note the initial Petition for Damages uses the spelling Dan Harmen; however, subsequent filings, including judgments, use the spellings Daniel Harmon and Dan Harmon.  Both appellant's and respondent's briefs use Harmen, which we use throughout this opinion.

In November 2016, Bingham filed a new lawsuit against Edwards, Robertson, and Harmen. Harmen was personally served with the new lawsuit on July 27, 2018, at the Moberly Correctional Center. Harmen failed to file a responsive pleading to Bingham's Petition for Damages within 30 days of being served. On August 20, 2018, because National defended the initial suit against Robertson and pursuant to defense counsel's instructions in that case, Bingham gave notice directly to National that Harmen was served. National failed to file a responsive pleading on Harmen's behalf. On September 11, 2018, Bingham filed a Motion for Default Judgment against Harmen. On September 20, 2018, the trial court granted an Interlocutory Judgment of Default against Harmen. On October 18, 2018, the trial court held a hearing on damages and, on October 19, 2018, entered a default judgment ("2016 Judgment")[4] against Harmen, stating in part:

> The Court grants Plaintiff judgment against Defendant Dan Harmon [sic] in the sum of $250,000, Plaintiff's costs incurred in prosecuting the action, and lawful post judgment interest until the Judgment is paid in full.

On June 12, 2020, Bingham filed his first Equitable Garnishment Petition against Harmen and National, styled *Robert Bingham vs. Dan Harmon and National Liability and Fire Insurance Company*, Case No. 2031-CC00702 ("Garnishment I"), in the trial court, claiming National's insurance policy covered Bingham's injuries. Harmen's summons was returned "non est – moved no forwarding address" on June 26, 2020. National was served on July 6, 2020, and it retained counsel to defend Garnishment I. Bingham and National began negotiations to settle the matter. Bingham dismissed Garnishment I against Harmen and National without prejudice on or

---

[4] We refer to the October 19, 2018 default judgment as the 2016 Judgment to denote it disposed of the 2016 lawsuit.

about July 20, 2020, agreeing not to pursue further action against Harmen "at this time" to allow National to "get [its] file in order" and "to select a mediator in hopes of mediating[.]"

Mediation was scheduled for April 23, 2021. Before the mediation date, National extended a pre-mediation settlement offer of $25,000 to Bingham in a letter, which also set forth reasons why National believed there was no coverage under its insurance policy for Bingham's claim and pointed out the 2016 Judgment did not properly include a rate for post-judgment interest as required by statute. Bingham did not respond to National's offer, but instead canceled the mediation. National's counsel and Bingham's counsel continued to talk, including a discussion about finding Harmen so he could attend mediation.

Less than three months after Bingham's counsel canceled the mediation and instead of resuming settlement negotiations or scheduling a new mediation, on July 16, 2021, Bingham filed his second Equitable Garnishment Petition against Harmen and National, styled *Robert Bingham vs. Dan Harmon and National Liability and Fire Insurance Company*, Case No. 2131-CC00769 ("Garnishment II"), in the trial court. Bingham's counsel did not notify National's counsel that he filed Garnishment II. Service of process was made on Harmen on September 16, 2021, and the registered agent for National on September 27, 2021. National's registered agent forwarded the summons and petition to National, where it was processed by National Claim Support Technician Beck Lane ("Lane"). Lane mistakenly assumed the petition was a duplicate of Garnishment I. Lane marked the summons and petition as a "Duplicate Suit" and stamped it "Copy of suit previously received." Lane forwarded the summons and petition to the National claims examiner handling Bingham's claim, Kim Hodgen ("Hodgen"). Hodgen accepted the documents as duplicates and did not forward the documents to National's legal department.

4

National took no action on the summons and petition in Garnishment II, and neither National nor Harmen filed a responsive pleading in Garnishment II.

Bingham filed a Motion for Default Judgment on October 28, 2021, along with a Notice of Hearing setting a hearing for five days later on November 2, 2021. Neither Harmen nor National appeared at the hearing. The trial court entered Bingham's proposed judgment ("Default Judgment") in favor of Bingham and against Harmen and National in the amount of $250,000 damages, post-judgment interest of 5% from the date of entry of the underlying judgment and post-judgment interest of 5% on November 3, 2021, stating in part:

> The Court grants Plaintiff judgment against Defendant Daniel Harmon [sic] and Defendant National Liability and Fire Insurance Company in the sum of $250,000.00, lawful post judgment interest at 5% from the <u>underlying</u> October 19, 2018 Judgment to today of $39,406.25, Plaintiffs costs incurred in prosecuting the actions of $8,039.56, lawfull [sic] post judgment interest of 5% until the Judgment is paid in full, Plaintiff's costs incurred in collecting the judgment, and lawful post judgment interest until the Judgment is paid in full.

(Emphasis added to show that "underlying" was handwritten in the Judgment by the trial court).

One year and one day after the Default Judgment was entered, on November 4, 2022, Bingham sent notice of the Default Judgment to National.

On December 28, 2022, National filed a Motion to Set Aside Default Judgment pursuant to Rule 74.06(d).[5] National conceded in its motion that its arguments to have the Default Judgment set aside are out of time as prescribed by both Rule 74.05(d) and Rule 74.06(c),[6] but

---

[5] Rule 74.06(d) provides:

> **(d) Power of Court to Entertain Independent Action--Certain Writs Abolished.** This Rule 74.06 does not limit the power of the court to entertain an independent action to relieve a party from a judgment or order or to set aside a judgment for fraud upon the court. Writs of coram nobis, coram vobis, audita querela, and bills of review and bills in the nature of a bill of review are abolished, and the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these Rules or by an independent action.

[6] Rule 74.05(d) provides, in relevant part:

5

argued it nevertheless met the standard for setting aside the Default Judgment under Rule 74.05(d), as it had both a meritorious defense and good cause, and that it met the standard for setting aside the Default Judgment under Rule 74.06(b)[7] because the Default Judgment was the result of a mistake. As such, National argued that the trial court should, in an independent action in equity, set aside the Default Judgment using the equitable power of the trial court pursuant to Rule 74.06(d). National also acknowledged that "[a]n independent action in equity to set aside a default judgment must be based on extrinsic fraud[,]" ***Mathers v. Allstate Ins. Co.***, 265 S.W.3d 387, 390 (Mo. App. W.D. 2008), "that is, fraud which 'prevent[s] a party from having a fair opportunity to appear and defend an action.'" ***Jones v. Jacobs***, 988 S.W.2d 97, 100-101 (Mo. App. W.D. 1999) (quoting ***McKarnin v. McKarnin***, 795 S.W.2d 436, 440 (Mo. App. W.D. 1990)). It further argued that the actions of Bingham's counsel in not notifying it of Garnishment II or the Default Judgment constituted the extrinsic fraud on the court required to

---

**(d) When Set Aside.** Upon motion stating facts constituting a meritorious defense and for good cause shown, an interlocutory order of default or a default judgment may be set aside. The motion shall be made within a reasonable time not to exceed one year after the entry of the default judgment.

Rule 74.06(c) provides:

**(c) Motion Under Subdivision (b)-Affect on Judgment-Time for Filing-Notice of Hearing-Service.** A motion under subdivision (b) does not affect the finality of a judgment or suspend its operation. The motion shall be made within a reasonable time and for reasons (1) and (2) and (3) of subdivision (b) not more than one year after the judgment or order was entered. The motion and a notice of a time and a place for hearing on the motion shall be served upon the parties to the judgment pursuant to Rule 54.

[7] Rule 74.06(b) provides:

**(b) Excusable Neglect-Fraud-Irregular, Void, or Satisfied Judgment.** On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment or order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (3) the judgment is irregular; (4) the judgment is void; or (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment remain in force.

6

set aside the Default Judgment. It also requested that, if the facts did not meet the extrinsic fraud required,

> the test must be changed because, as is, the test allows for manifest injustice; furthers predatory use of Missouri's default judgment system; discourages civil, courteous, and common sense communication between opposing parties; and harms and punishes a party that had been fully and completely participating in the claim with good faith.

Bingham responded to National's motion asserting "[National] has provided no evidence that [Bingham] did anything to induced [sic] it to default in Greene County case number 2131-CC00769 which is the basis for this motion." Instead, Bingham asserts its counsel had "no legal duty to take any of the actions [National] suggests" and that National's "inattention and neglect induced [National] to default."

On September 22, 2023, the trial court entered its Judgment denying National's motion after an evidentiary hearing. The trial court concluded, "[t]he only ground for relief available to National is pursuant to Rule 74.06(d)"; that while Rule 74.06(d) "seems to set forth two grounds to seek equitable relief from a judgment, decisions interpreting Rule 74.06(d) indicate that a party seeking relief under 74.06(d) may only claim that the judgment was procured by a fraud on the court" but that such a reading "would appear to ignore the language of subsection (d)" since subsection (d) "contains a clause expressly permitting a party to seek relief for fraud upon a court" and that the "interpretation set forth in the above-cited cases either renders the first half of 74.06(d) superfluous, or renders the language of the second half of subsection (d) redundant" and therefore, "interpretations of subsection (d) as set forth in the *Mathers*, *Sanders* and *Orrock* cases appear to contradict the language of Rule 74.04(d)." The trial court further concluded National provided evidence of a meritorious defense and offered evidence amounting to accident, mistake, or excusable neglect, but that there was no evidence indicating National's actions were done to

7

delay proceedings or interfere with the legal process, that there was no evidence of neglect, and that National's failure to discover the error did not prejudice Bingham. Despite these findings and conclusions, the trial court determined it was bound by precedent: "Rule 74.06(d), as interpreted by appellate courts, requires a showing of fraud upon a court before a default judgment can be set aside. There is insufficient evidence of fraud." National appeals the trial court's Judgment denying its motion.

## Standard of Review

> Appellate review of the trial court's judgment in an independent action in equity is governed by the same standard as that used in a judge-tried case. *See Systematic Bus. Servs., Inc. v. Bratten*, 162 S.W.3d 41, 46 (Mo. App. W.D. 2005). Thus, we will sustain the trial court's judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *See id.* (citing *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976)).

***Keithley v. Shelton***, 421 S.W.3d 502, 505 (Mo. App. S.D. 2013) (quoting ***Mathers***, 265 S.W.3d at 389). "Further, appeal of an independent action in equity to set aside a judgment is from the judgment disposing of the motion to set aside, rather than the underlying judgment that is being attacked." ***Mathers***, 265 S.W.3d at 389 (citing ***Baxi v. United Techs. Auto. Corp.***, 122 S.W.3d 92, 95 (Mo. App. E.D. 2003)).

## Analysis

### *Point I*

In Point I, National claims the trial court erred in denying its Motion to Set Aside Default Judgment pursuant to Rule 74.06(d) because Bingham obtained the Default Judgment through extrinsic fraud on the court. National argues that Bingham committed a fraud on the court when his counsel represented to National's counsel, at the time he dismissed Garnishment I in July of 2020 and they began settlement negotiations, that he would not pursue a cause of action against

8

National but, thereafter, filed Garnishment II against National without notifying National's counsel.

Rule 74.05 governs entries of default judgment and when a default judgment may be set aside. As previously stated herein, Rule 74.05(d) provides that a default judgment may be set aside by motion stating facts constituting a meritorious defense and for good cause shown only if such motion is "made within a reasonable time ***not to exceed one year after the entry of the default judgment***." (Emphasis added). Similarly, Rule 74.06(b), allowing a party to move for relief from final judgments or orders for mistake, fraud, misrepresentation or other misconduct of an adverse party in the action in which the judgment was rendered, requires that under Rule 74.06(c) such motion be filed "***not more than one year after the judgment or order was entered***." (Emphasis added).

"Once the one-year time limits imposed by 74.05(d) and 74.06(c) have expired, a party may *only* rely on the equitable power of the court for relief from judgment." ***Mathers***, 265 S.W.3d at 390 (citing ***Cody v. Old Republic Title Co.***, 156 S.W.3d 782, 784 (Mo. App. E.D. 2004)) (holding after one year from date of judgment, a party may challenge the judgment only by an independent action in equity). Rule 74.06(d) allows the trial court, using its equitable powers, to set aside the default judgment outside the one-year time constraints imposed by Rules 74.05(d) and 74.06(c).

Under Rule 74.06(d), "[o]nce the time for filing a Rule 74.06(b) motion expires, Rule 74.06(d) leaves open the possibility for an independent cause of action in equity based on extrinsic fraud wherein the trial court may set aside a final judgment." ***Keithley***, 421 S.W.3d at 506 (quoting ***First Bank***, 302 S.W.3d 161, 169 n.7 (Mo. App. S.D. 2009)).

> "An independent action in equity to set aside a judgment must be based on extrinsic fraud, or fraud on the court." Sanders v. Ins. Co. of N. Am., 904 S.W.2d

9

397, 401 (Mo.App.1995) (citing *Jones v. Jones*, 254 S.W.2d 260, 261 (Mo.App.1953); *McKarnin v. McKarnin*, 795 S.W.2d 436, 439 (Mo.App.1990)). Such an action may be brought "'at any time.'" *McKarnin*, 795 S.W.2d at 439 (quoting *In re Marriage of Brown*, 703 S.W.2d 59, 60 (Mo.App.1985)).

"'[F]raud is a positive act resulting from a willful intent to deceive.'" *Vaughan v. United Fire & Cas. Co.*, 90 S.W.3d 220, 225 (Mo.App.2002) (quoting *Memco., Inc. v. Chronist*er, 27 S.W.3d 871, 875 (Mo.App.2000)). "Extrinsic fraud is 'fraud that induced a party to default or to consent to judgment against him.'" *First Bank of the Lake*, 302 S.W.3d at 169 n. 7 (quoting *State ex rel. Lowry* [*v. Carter*], 178 S.W.3d [634,] 637 [(Mo. App. W.D. 2005)]). It "is collateral to the merits of the cause[.]" *Essig v. Essig*, 921 S.W.2d 664, 667 (Mo.App.1996). "Extrinsic fraud refers to the fraudulent procurement of a judgment, not the propriety of the judgment." *Walker v. Walker*, 280 S.W.3d 634, 636 (Mo.App.2009). "It must relate to the manner in which the judgment was obtained." *Id.* Furthermore, "[f]raud must be pleaded with particularity. Rule 55.15." *Walker*, 280 S.W.3d at 637. For a movant to invoke the equitable powers of the court, a movant must have pleaded extrinsic fraud sufficiently in movant's motion. *Id.*

*Id.* at 506-507.

Moreover, in addition to proving extrinsic fraud, a movant seeking to set aside a default judgment under Rule 74.06(d) "must be shown to be free of fault, neglect, or inattention to the case." ***T.B. III v. N.B.***, 478 S.W.3d 504, 509 (Mo. App. E.D. 2015) (quoting ***Essig v. Essig***, 921 S.W.2d 664, 667 (Mo. App. W.D. 1996)) (holding the relief under Rule 74.06(d) is not unlimited, but the complaining party must plead and prove he is free from fault, neglect, or inattention); *see also **Keithley***, 421 S.W.3d at 507 (holding that the complaining party in an independent action to set aside a default judgment based on extrinsic fraud pursuant to Rule 74.06(d) must be shown to be free of fault, neglect or inattention to the case); ***Reding v. Reding***, 836 S.W.2d 37, 43 (Mo. App. S.D. 1992) ("Failure of the complaining party to allege he [or she] was free from fault, neglect, or inattention is fatal to the action.").

In addition, to obtain the relief Defendants sought [to set aside a default judgment], if based on a claim of extrinsic fraud, "the complaining party must be shown to be free of fault, neglect or inattention to the case." *Essig*, 921 S.W.2d at 667. "[F]ailure of the complaining party to demonstrate it was free from fault, neglect, or inattention is fatal to the action." *Mathers*, 265 S.W.3d at 391.

*Keithley*, 421 S.W.3d at 507.

In this case, and as National concedes, because National moved to set aside the Default Judgment on December 28, 2022, over one year after the trial court entered the Default Judgment against it on November 3, 2021, National was out of time and had no recourse to set aside the Default Judgment under Rules 74.05(d) or 74.06(b). Instead, National's only recourse was to rely on the equitable power of the court for relief from judgment as provided by Rule 74.06(d).

While National acknowledges that "[u]nder current caselaw, '[a]n independent action in equity to set aside a judgment must be based on extrinsic fraud, or fraud on the court,'" (quoting *Keithley*, 421 S.W.3d at 505), it argues that the plain language of Rule 74.06(d) does not limit the trial court to only set aside judgments procured through extrinsic fraud on the court and urges this Court to expand its review beyond that allowed by our precedent and consider that the trial court erred for failing to set aside the Default Judgment under Rule 74.06(d) because it showed it had multiple meritorious defenses and good cause for setting aside the Default Judgment sufficient to satisfy Rule 74.05(d) and that it showed the Default Judgment was the product of excusable neglect sufficient to satisfy setting aside the Default Judgment for mistake under Rule 74.06(b). That we cannot do. Our courts have repeatedly held that relief from a judgment more than one year after its entry afforded by Rule 74.06(d) is limited to those cases where the judgment was procured by extrinsic fraud. *See T.B. III*, 478 S.W.3d at 508 (citing *Walker*, 280 S.W.3d at 636) (holding "Rule 74.06(d) provides relief from a judgment by allowing a party at any time to bring an independent action in equity to set aside a judgment that was obtained by extrinsic fraud against the court"); *Keithley*, 421 S.W.3d at 506 (quoting *Sanders v. Ins. Co. of N. Am.*, 904 S.W.2d 397, 401 (Mo. App. W.D. 1995)) (holding an action pursuant to Rule

11

74.06(d) may be brought at any time, but "must be based on extrinsic fraud, or fraud on the court"); *see also* **McKarnin**, 795 S.W.2d at 439.

Moreover, although National's point on appeal asserts the Default Judgment was obtained through extrinsic fraud "in that Bingham's counsel induced National's inaction by misrepresenting that he would not pursue action in order to instead pursue mediation and then refiling without notice[,]" only one paragraph of its argument accompanying said point addresses this assertion. The remainder of National's argument is directed toward the trial court's award of post-judgment interest in the Judgment.[8] National contends, in the argument portion of its brief, that Bingham procured the Default Judgment through extrinsic fraud on the court by "propos[ing] and obtain[ing] a judgment containing improper post-judgment judgment [sic] interest." While we tend to agree with Bingham and the trial court that National failed to produce evidence of extrinsic fraud in this case and that National failed to offer credible evidence that Bingham's counsel knowingly misled the trial court regarding the award of post-judgment interest in the Judgment, we need not determine whether Bingham's action constituted extrinsic fraud on the trial court to decide this point on appeal because National concedes that it did not, and could not, meet its additional burden to show that National was "free of fault, neglect or inattention to the case" and that was fatal to its Motion to Set Aside Default Judgment pursuant to Rule 74.06(d). **Keithley**, 421 S.W.3d at 507 (holding the "[f]ailure of the

---

[8] National's contention is limited to whether Bingham's failure to advise the court regarding the limitation of post-judgment interest constituted extrinsic fraud sufficient to warrant relief under Rule 74.06(d). A challenge to the award of post-judgment interest must have been made in a direct appeal of the default judgment, not on appeal of a judgment in an independent action in equity to set aside that default judgment. **Holt v. ZX Int'l, Inc.**, 689 S.W.3d 200, 203 (Mo. App. W.D. 2024). An erroneous judgment based on a mistake of law is not subject to collateral attack under Rule 74.06. **Hollins v. Capital Solutions Invs. I, Inc.**, 477 S.W.3d 19, 26 (Mo. App. E.D. 2015).

12

complaining party to demonstrate it was free from fault, neglect, or inattention is fatal" to an action to set aside a default judgment based on Rule 74.06(d)).

The evidence before the trial court, as admitted and argued by National, was that National committed excusable neglect sufficient to set aside a judgment under Rule 74.06(b) for mistake. The evidence before the trial court demonstrated National was not free from "fault, neglect, or inattention": "National received the second garnishment but erred when the intake person who received the suit papers thought that those papers were duplicates of the first garnishment already served"; "an error in National's suit-intake unit caused the service packet for Garnishment II to be mistakenly processed as a duplicate of Garnishment I"; the "Claim Support Technician . . . mistakenly thought it was in the same action as Garnishment I"; "[d]ue to this internal error in believing the summons and petition were merely duplicates from Garnishment I, National did not respond to Garnishment II"; "[b]ut-for an error by National's suit intake group, National would have timely responded to Garnishment II"; and "the new petition was mistakenly processed as a duplicate." National's actions in handling the summons and petition for Garnishment II were the result of neglect and inattention.[9] These uncontested facts preclude National from receiving equitable relief. Point I is denied.

*Point II*

In its second point on appeal, National argues that the trial court applied an improper standard, "that the standard applicable to motions under Rule 74.06(d) *should* allow consideration of grounds other than fraud under the plain language of the rule[.]" (Emphasis

---

[9] National asserts its "ability to present its defense was unmixed with neglect or inattention[.]" National incorrectly states the law. National must be free from neglect or inattention to the case, not in its ability to present a defense.

13

added). As discussed previously, National concedes the state of case law on this subject – only judgments procured by extrinsic fraud may be set aside so long as movants are free of fault, neglect, or inattention to the case - but argues that "the ordinary meaning canon"; "canon against surplusage"; Federal Rule of Civil Procedure 60(d) and case law interpreting the same; case law from "multiple states" other than Missouri; and "policy and balancing considerations appropriate in equity" "should" persuade this Court not to follow well-settled precedent interpreting and applying Rule 74.06(d). National argues this Court should expand its application of Rule 74.06(d) beyond only setting aside judgments procured by extrinsic fraud and the requirement movant be free of fault, neglect, or inattention to the case. We decline to rule contrary to established precedent. "Our common law system has developed on the assumption legal precedents must be followed." *Lucas v. Ashcroft*, 688 S.W.3d 204, 213 (Mo. banc 2024) (citing William Blackstone, *Commentaries on the Laws of England, Book the First* 69 (Lewis ed. 1900); Randy J. Kozel, *Stare Decisis as Authority and Aspiration,* 96 Notre Dame L. Rev. 1971, 1978-81 (2021)). The doctrine of stare decisis "ensures similar cases are treated similarly in accordance with basic principles of justice." *Id.* "*Stare decisis* 'promotes stability in the law by encouraging courts to adhere to precedents.'" *D.E.G. v. Juvenile Officer of Jackson County*, 601 S.W.3d 212, 218 (Mo. banc 2020) (quoting *State v. Blurton*, 484 S.W.3d 758, 792 (Mo. banc 2016) (Draper, J., concurring in result)). Accordingly, this Court must adhere to the holdings in *T.B. III*, *Keithley*, and *McKarnin*, which constitute valid, binding precedent from each district of this Court as required by the doctrine of stare decisis. *See T.B. III*, 478 S.W.3d at 508 (holding "Rule 74.06(d) provides relief from a judgment by allowing a party at any time to bring an independent action in equity to set aside a judgment that was obtained by extrinsic fraud against the court"); *Keithley*, 421 S.W.3d at 506 (holding an action pursuant to Rule

14

74.06(d) may be brought at any time, but "must be based on extrinsic fraud, or fraud on the court"); ***McKarnin***, 795 S.W.2d at 439 (holding a decree of dissolution may only be set aside after one year in an independent action in equity pursuant to Rule 74.06(d) only upon a showing of extrinsic fraud). To the extent case law interpreting and applying Rule 74.06(d) needs to re-examined, that is an issue for the Supreme Court. Point II is denied.

The trial court's Judgment is affirmed.


JENNIFER R. GROWCOCK, C.J. – OPINION AUTHOR

BECKY J. WEST, J. – CONCURS

MATTHEW P. HAMNER, J. – CONCURS