**In re the MARRIAGE OF Martha Mary BROWN, Respondent,**

**and**

**Charles A. Brown, Appellant.**

**No. 49486.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 10, 1985.

Rehearing Denied Jan. 14, 1986.

David O. Depker, Joseph Trad, St. Louis, for appellant.

Terry J. Galganski, Clayton, for respondent.

GARY M. GAERTNER, Judge.

This is an appeal from the circuit court's dismissal of Appellant's motion to vacate the court's prior order of legal separation. We affirm.

On November 1, 1974, Respondent Martha Mary Brown filed in the St. Louis County Circuit Court a petition for legal separation from Appellant Charles A. Brown. In that petition, Respondent stated that the parties separated on October 12, 1974, and that their marriage was irretrievably broken because Appellant had refused to discuss the financial affairs of the parties and had mismanaged the financial assets and properties of the parties. After a full hearing, the court issued an order on October 8, 1980, adjudging the parties legally separated. The order further provided that Appellant pay $200.00 per month to Respondent as maintenance, and apportioned the marital property between the two parties.

On November 15, 1980, Appellant first filed an appeal to this court, challenging twelve separate findings of fact made by the circuit court in the separation order. This court, in *Brown v. Brown*, 646 S.W.2d 888 (Mo.App.1983), affirmed, subject to minor modification, the legal separation decree.

On August 1, 1984, Appellant filed, in the circuit court, a motion to vacate the decree of legal separation. Appellant's filing was apparently prompted by Appellant's discovery, subsequent to this court's dismissal of the first appeal, of various investments made by Respondent during the 1970's.

On November 29, 1984, Respondent filed a motion to dismiss Appellant's motion to vacate. Also on that same date, the circuit court sustained Respondent's motion to dismiss Appellant's motion to vacate. Appellant takes this appeal from that order.

The questions presented on appeal are whether a trial court has the power to vacate an order it rendered nearly four years earlier and, if such power exists, whether the trial court erred in the instant case by failing to exercise this power.

Rule 75.01 provides that a trial court loses control over a judgment thirty days after the judgment is entered. In the instant case, the decree of legal separation was entered on October 8, 1980. Appellant's motion to vacate was not filed until August 1, 1984—well past the thirty-day period during which the trial court retains control of its judgment. Accordingly, unless some exception to Rule 75.01 applies in the instant case, the trial court could not have reopened the decree of legal separation.

Appellant advances two theories in support of his claim of error. First, Appellant claims that Respondent made various false statements to the trial court, thus rendering the original judgment void *ab initio*. Second, Appellant claims that the trial court made a number of procedural errors due to Respondent's falsification of certain facts, thus depriving Appellant of his right to fully defend himself.

■■■ Although Rule 75.01 puts a thirty-day limit on the time during which a trial court can reopen a judgment, a court has equity jurisdiction to entertain a motion to vacate at any time if the judgment was procured by fraud practiced on the court. The movant must show that absent such fraud the judgment could not have been entered. *S v. S,* 490 S.W.2d 344, 349 (Mo. App.1973). The availability of this method of obtaining review of a final judgment, however, is tempered by the doctrine that

> in a divorce proceeding where the defendant is legally served with process, answers, appears at the trial, and is not deprived of any right of defense to the case, equity will not interfere with the judgment on the merits unless there was fraud in the procurement of the judgment *extrinsic or collateral to the matters tried upon which the judgment was rendered.*

*Crain v. Crain,* 205 S.W.2d 897, 900–01 (Mo.App.1947) (emphasis in original).

■■ In the instant case, Appellant claims that Respondent, in her petition for legal separation, falsely stated that she and Ap-

pellant were separated at the time she filed the petition. Appellant also claims that Respondent filed false affidavits regarding her financial condition during the relevant period.

Neither of these allegations, even if accepted as true, is sufficient to require a court to reopen a final judgment over three years after it was rendered. These are factual matters which are not collateral or extrinsic to the judgment rendered. Appellant had the opportunity to litigate the issues at trial and his failure to do so does not give rise to a right to reopen a valid judgment. As the court stated in *Crain*,

> An equity proceeding to set aside [a] judgment ... cannot be used to obtain a further hearing upon matters, which were or could have been brought before the court to make a case or defense, either because the parties found further evidence bearing upon the truth or falsity of the testimony [at trial], or because the parties neglected to litigate such matters in the original case. Courts of equity do not grant such relief for the purpose of giving the defeated party a second opportunity to be heard on the merits of the case.

*Id.* at 901.

 In the second portion of his brief, Appellant argues that the trial court erred in granting Respondent's motion for temporary maintenance and support before Respondent had filed her financial statement, in restraining Appellant from disposing of certain property, in striking Appellant's pleadings in response to Appellant's refusal to answer interrogatories, and in failing to sanction Respondent for failure to produce documents.

Appellant's second argument also fails because the errors alleged are not of the type that would require the trial court to invoke its equity jurisdiction to reopen its decree of legal separation. The errors alleged are procedural matters which are not extrinsic to the case and did not deprive Appellant of his right to defend himself in the action. If, in fact, any of the allegations of error are well-founded, they could have properly been brought to the attention of this court in the first appeal. We can find no support for the proposition that the trial court erred in dismissing Appellant's motion to vacate because it refused to review these procedural matters.

The trial court's order dismissing Appellant's motion to vacate is, therefore, affirmed.

KAROHL, P.J., and SIMON, J., concur.