Marilyn SHARPE, Petitioner/Appellant,

v.

William H. SHARPE,
Respondent/Respondent.

No. ED 89104.

Missouri Court of Appeals,
Eastern District,
Division Two.

Nov. 13, 2007.

James M. Martin, St. Louis, MO, for Appellant.

Michael A. Gross, Joseph Fredric Yeckel—co-counsel, Heather Highland—co-counsel St. Louis, MO, for Respondent.

BOOKER T. SHAW, Judge.

Appellant Marilyn Sharpe appeals the trial court's judgment in favor of her ex-husband, Respondent William Sharpe, on Appellant's petition for equitable distribution and damages for fraudulent concealment of real estate titled in Respondent's name before the couple divorced in 1996. The trial court found that Appellant's claim was time-barred by the five-year

statute of limitations for fraud claims under section 516.120(5) because Appellant knew or should have known of the existence of the property in 1996. In her first point, Appellant contends that the trial court erred in that Appellant did not discover the fraud until 2004, or alternatively, there is no time limit on an equity action for extrinsic fraud. In her second point, Appellant argues that her claim is not barred by the ten-year statute of limitations under section 516.110(1) governing writings for the payment of money or property. The trial court's judgment is affirmed.

## Facts and Procedural History

Vera Nash owned two apartment buildings on Highland Avenue in the City of St. Louis. When Nash died in 1989, her foster daughter, Ernestine Carter, wished to buy the buildings but lacked the financial resources. So, in October 1991, Carter's friend Richard Daniels obtained a loan to purchase the property on her behalf (subject to a guardian's deed), with the understanding that Carter would make the mortgage payments. Days after that transaction, Daniels conveyed the property without consideration to Carter and Respondent, who was then married to Appellant. Carter hoped that Respondent's co-ownership would improve her chances of securing financing for renovations. After their efforts failed, in September 1993 Respondent returned his interest to Carter by quit claim deed without consideration. Carter then transferred the property back to Daniels, again without consideration, but continued to pay the mortgage until it was fully paid in July 1995.

Appellant heard about Respondent's purchase of the property from two co-workers sometime in the early 1990s, while the couple was still married. When Appellant inquired with her husband, Respondent denied knowledge of the matter. Appellant filed for divorce in October 1995, after which Respondent moved into one of the apartments comprising the disputed property owned by Ms. Carter. Neither Respondent nor Appellant listed the property as an asset in the divorce case, and, although Appellant expressed her suspicion quite specifically in answers to interrogatories in January 1996, she failed to raise the issue at trial. Consequently, the decree contains no reference to the property.

Mr. Daniels conveyed the property to Respondent without consideration in April 1997, again to enable him and Ms. Carter to obtain financing for repairs. Respondent and Carter married in 2003. In late 2004 or early 2005, Appellant's son-in-law conducted a title search and discovered Respondent's name on the deed during the marriage. Appellant filed this suit in August 2005 seeking distribution of the property and damages for fraudulent concealment. Respondent pleaded as an affirmative defense that Appellant's claims were time-barred by section 516.120(5), which imposes a five-year statute of limitations in cases of fraud. Finding that Appellant knew or should have known about the properties at the time of the dissolution, the trial court entered judgment for Respondent. Appellant appeals, arguing in the alternative that: (1)(a) the statute of limitations under section 516.120(5) was tolled until Appellant's actual discovery in 2004 or (b) Respondent's concealment of the property constitutes extrinsic fraud not subject to any statute of limitations; or (2) her claim is not barred by the 10–year limitation under section 516.110(1) governing writings for payment of money or property.

## Discussion

This Court's review is governed by *Murphy v. Carron*, 536 S.W.2d 30 (Mo.

1976). We will affirm the judgment unless it is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *Id.* at 32. "Where the running of the statute of limitations depends upon when the plaintiff discovered or by reasonable diligence could have discovered the fraud, a question of fact is presented." *Schwartz v. Lawson,* 797 S.W.2d 828, 836 (Mo.App. W.D.1990).

▌ Section 516.120(5) creates a five-year statute of limitations for any "action for relief on the ground of fraud, the cause of action in such case to be deemed not to have accrued until the discovery by the aggrieved party, at any time within ten years, of the facts constituting the fraud." In her first point, Appellant asserts that the trial court erred in finding her suit time-barred by section 516.120(5) because the action did not accrue until she actually discovered the alleged fraud through a title search in 2004. Courts have construed the statute to require a plaintiff "to act with due diligence to discover 'the facts constituting the fraud.' Where the means for discovery exist, a plaintiff is deemed to know of the fraud, so that the period of limitations commences to run then." *Schwartz* at 832 (internal citations omitted).

▌ Substantial evidence supports the trial court's finding that Appellant knew or, through reasonable discovery, should have known about Respondent's interest in the disputed property. Appellant first learned of Respondent's acquisition of the property through conversations with two co-workers in the early 1990s. Appellant was aware of the property with enough specificity to identify the buildings by address in her answer to interrogatories in

the divorce proceedings in 1996. Despite her suspicions, she made no effort to investigate. A simple title search conducted at the time of the proceedings, rather than nearly 10 years later, would have revealed Respondent's ownership interest in the property during the marriage.

▌ Alternatively, Appellant argues that no time limit bars an independent action in equity to set aside a judgment procured by extrinsic fraud. While Appellant is correct that the court may entertain a motion to vacate at any time if the judgment was procured by fraud upon the court, the fraud allegedly committed by Respondent here was not extrinsic to the dissolution. Rather, property distribution was a central matter. "False averments in a divorce petition, false statements in an affidavit, and false testimony do not constitute extrinsic fraud." *Vinson v. Vinson* 725 S.W.2d 121, 124 (Mo.App. E.D.1987). Also see *In re Marriage of Brown,* 703 S.W.2d 59 (Mo.App. E.D.1986) (equity proceeding cannot be used to obtain another hearing on matters that were or could have been brought at trial, e.g., when a party later finds further evidence of truth or falsity or failed to litigate such matters in the original case). Point I is denied.

▌ In her second point, Appellant asserts that the trial court erred in applying the 5–year statute of limitation under section 516.120, because the 10–year statute under section 516.110(1) applies to actions involving documents concerning real estate.

▌ As a preliminary matter, Appellant's brief fails to comply with Rule 84.04(d) in that the point relied on does not identify the trial court's error or the legal or factual basis for reversal.[1] This Court

---

1. Specifically, the point relied on states: "Assuming *arguendo* that the ten (10) year statute of limitations Mo. Stat. Rev. § 516.110 applies, then plaintiff's suit is not time barred

has the discretion to dismiss an appeal for failure to comply with Rule 84.04 or to review the appeal on the merits where we are nonetheless able to ascertain the issues. See e.g., *Gray v. White*, 26 S.W.3d 806, 816 (Mo.App. E.D.1999). Here, we are able to ascertain the gist of Appellant's argument and therefore elect to address its substance, if only to discourage other creative practitioners.

Section 516.110(1) imposes a ten-year statute of limitations for any "action upon any writing, whether sealed or unsealed, for the payment of money or property." Appellant essentially contends that both Respondent's sworn property statement filed in the dissolution proceeding and the court's decree distributing real property constitute a "writing for the payment of money or property" as contemplated under section 516.110(1). Appellant admits that the writing must contain an express or implied promise to pay (*Herweck v. Rhodes*, 327 Mo.29, 34 S.W.2d 32 (1931)) but seems to suggest that the aforementioned documents contain an implied promise. We decline to infer the formation of a contract from either writing, even if the property in question had been mentioned therein. See *Lato v. Concord Homes, Inc.*, 659 S.W.2d 593 (Mo.App. E.D.1983) (section 516.110(1) applies only when an express written obligation provides for the payment of money or the delivery of property, *and the money or property sued for is that money or property promised by the language of the writing*) (emphasis added).

Lastly, Appellant proposes that her action might fall within the catch-all provision of section 516.110(3) creating a 10-year statute of limitations for any action "not otherwise provided for." Appellant

since she filed her suit on August 11, 2005, less than 10 years after the trial of her disso-

fails to cite any authority to dissuade the Court from holding, as discussed above, that her action falls squarely within the language of section 516.120(5). Point II is denied.

## Conclusion

The judgment of the trial court is affirmed.

LAWRENCE E. MOONEY, P.J., and NANNETTE A. BAKER, J., concur.

lution of marriage on August 6, 1996."