Alicia DUNN, Adam Chmielik and Benjamin Miller, Plaintiffs/Appellants,

v.

BOARD OF CURATORS OF THE UNIVERSITY OF MISSOURI and Missouri Coordinating Board for Higher Education, Defendants/Respondents.

No. ED 99570.

Missouri Court of Appeals,
Eastern District,
Division Four.

Nov. 12, 2013.

John G. Simon, Stephanie Hing–Yin To (Co–Counsel), St. Louis, MO, for Appellants.

Ian Cooper, Katherine Nash (Co–Counsel), Clayton, MO Paul Maguffee (Co–Counsel), Columbia, MO, for Respondents.

LISA S. VAN AMBURG, Presiding Judge.

## INTRODUCTION

Alicia Dunn and two other veterans attending publicly funded universities in Missouri ("Veterans") appeal the judgment of the trial court dismissing their claims against the Board of Curators of the University of Missouri ("University") and Missouri Coordinating Board for Higher Education ("MCBHE") for res judicata. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Prior to the instant case, Veterans filed a class action petition ("Dunn I") in the Circuit Court of St. Louis County against University and MCBHE, alleging University and MCBHE violated the Missouri Returning Heroes' Education Act, section 173.900, RSMo (Cum.Supp.2008) (the "Heroes' Act") and the Missouri Merchandising Practices Act, chapter 407, RSMo (2000), by applying Veterans' scholarships and student loans against their tuition costs before discounting their tuition under the Heroes' Act. Prior to class certification, the trial court dismissed Dunn I for failure to state a claim upon which relief can be granted. Veterans did not file amended pleadings or appeal the trial court's dismissal of their petition.

Thereafter, Veterans brought the instant action ("Dunn II") against University and MCBHE asserting the same claims as those made in Dunn I. Prior to class action certification, University and MCBHE moved to dismiss the petition for res judicata based on the dismissal of Dunn I. The trial court granted University and MCBHE's motions, and Veterans now appeal.

## STANDARD OF REVIEW

"Under Rule 55.27(a), when the judgment and pleadings from another case are presented to and not excluded by the court, a motion to dismiss on res judicata or related grounds should be treated as one for summary judgment." *WEA Crestwood Plaza, L.L.C. v. Flamers Charburgers, Inc.,* 24 S.W.3d 1, 5 (Mo.App.E.D. 2000). "Appellate review of summary judgment is de novo. Summary judgment is appropriate where the moving party has demonstrated, on the basis of facts as to which there is no genuine dispute, a right to judgment as a matter of law." *Finnegan v. Old Republic Title Co. of St. Louis, Inc.,* 246 S.W.3d 928, 930 (Mo. banc 2008) (internal citation omitted).

## DISCUSSION

In their first point, Veterans contend the trial court erred in dismissing their peti-

tion on the basis of res judicata. Specifically, Veterans argue res judicata is inapplicable, because the trial court dismissed Dunn I without prejudice and, therefore, did not render a final judgment upon the merits of the claims. We disagree.

■■■ Res judicata is a common law doctrine that precludes parties from contesting matters they already had a full and fair opportunity to litigate. *U.S. Fid. & Guar. Co. v. Commercial Union Ins.*, 943 S.W.2d 640, 641 (Mo. banc 1997). The granting of a motion to dismiss for failure to state a claim can be a final judgment on the merits sufficient to raise the defense of res judicata in a later proceeding. *U.S. Fid. & Guar. Co.*, 943 S.W.2d at 642; *State ex. rel. Ill. v. Jones*, 920 S.W.2d 116, 117 (Mo.App.E.D.1996); *Mahoney v. Doerhoff Surgical Servs., Inc.*, 807 S.W.2d 503, 506 (Mo. banc 1991). If a plaintiff has elected to stand on a dismissed petition and not plead further substantial facts, such dismissal is considered a final judgment for purposes of appeal. *Bachman*, 997 S.W.2d at 26; *Mahoney*, 807 S.W.2d at 506. Thus, regardless of whether a case was dismissed without prejudice, the doctrine of res judicata precludes a plaintiff from re-filing a petition that was dismissed for failing to state a claim when it relies on the same substantial facts as those previously alleged. *See Bachman*, 997 S.W.2d at 26; *Mahoney*, 807 S.W.2d at 506.

■■ In Dunn I the trial court dismissed the petition as to all counts after explicitly finding each count failed to state a claim. When Veterans failed to amend their petition by adding further material facts or claims, the Dunn I order became final and appealable. *Bachman*, 997 S.W.2d at 26; *Mahoney*, 807 S.W.2d at 506. Thus, the judgment in Dunn I bars another court from re-trying these same issues in a second identical action. *See Bachman*, 997 S.W.2d at 26 (holding res judicata bars a

plaintiff from bringing the same claims against the same parties based on the same substantial facts when previously dismissed for failure to state a claim). Although Veterans supplemented the instant petition with additional facts elaborating on the relationship between University and MCBHE and a contention that the defense of sovereign immunity is inapplicable, the substantive facts at issue in this case are identical to those previously alleged in Dunn I. Thus, Veterans raise the same claims against the same parties and rely upon the same material facts as those that were previously dismissed in Dunn I. "Because the petition in [this] second action was in all material respects the identical petition which was previously dismissed for failure to state a claim, the trial court did not err in dismissing it on the grounds that it was barred by the principles of res judicata, as used in its broad sense." *Id.* Point denied.

In their second point, Veterans contend the trial court erred in dismissing their petition because they pled sufficient facts to state a cognizable claim. Because the trial court did not err in dismissing this case on the basis of res judicata, we do not reach this argument.

## CONCLUSION

We affirm the trial court's judgment.

PATRICIA L. COHEN, J. and GARY M. GAERTNER, Jr., J., concur.